**Frank MELONZI, Petitioner–
Appellant,**

v.

**Sue HUBBARD, Respondent–Appellee.**

**No. 06–15961.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2007.

Filed April 23, 2007.

Walter K. Pyle, Esq., Law Offices of Walter K. Pyle & Associates, Berkeley, CA, for Petitioner–Appellant.

*This disposition is not appropriate for publication and is not precedent except as provided

Margo J. Yu, Nanette S. Winaker, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: GOODWIN, D.W. NELSON, and CALLAHAN, Circuit Judges.

MEMORANDUM *

1. To determine whether Melonzi's federal claims are procedurally defaulted for purposes of federal habeas review, we look to the last reasoned state court judgment that denied his claims, in this case the opinion of the California Court of Appeal. *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Because the California decision fairly appears to rest primarily upon, or be interwoven with, federal law, and because it did not clearly and expressly rely on a state procedural bar to dispose of Melonzi's claims, those claims are not procedurally barred. *Coleman v. Thompson,* 501 U.S. 722, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

2. The district court did not err by denying Melonzi's petition with respect to his due process claim, because the California Court of Appeal's decision is not "contrary to," or "an unreasonable application of," the clearly established rule that Melonzi be informed of the charges against him, and apprised of what he must be

by 9th Cir. R. 36–3.

prepared to meet at trial. 28 U.S.C. § 2254(d); *Russell v. United States,* 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *Berger v. United States,* 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). Furthermore, Melonzi has no due process right to notice of the evidence in support of the charge against him. *Gray v. Netherland,* 518 U.S. 152, 155, 169–70, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996).

3.   The district court did not err when it determined that Melonzi was not placed twice in jeopardy under the *Blockburger* test, because each California statutory offense, rape and continuous sexual abuse, requires proof of a fact which the other does not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

4.   Melonzi did not clearly present to the district court his collateral estoppel theory, which was incipient in his double jeopardy claim. We therefore remand this case to the district court so it may determine, in the first instance, whether relief is warranted under this theory. *See Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

**AFFIRMED IN PART; REMANDED.**

* The Honorable Andrew Guilford, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.