MEMORANDUM **
Sue Hubbard appeals the district court’s final order granting Frank Melonzi’s petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court’s order granting the writ, Parle v. Runnels, 387 F.3d 1030, 1034 (9th Cir.2004), and we vacate and remand.
On March 24, 1997, after a bench trial, Melonzi was convicted of four counts: two counts of lewd and lascivious acts against a child in violation of California Penal Code section 288(a), one count of lewd and lascivious acts by force against a child in violation of California Penal Code section 288(b)(1), and one count of continuous sexual abuse against a child in violation of California Penal Code section 288.5. He was acquitted on a charge of rape in violation of California Penal Code section 261(a)(2). Melonzi was granted a second trial on the basis of ineffective assistance of counsel.
At the second trial, the prosecution charged Melonzi with the same counts, including the rape charge for which he had been previously acquitted. The trial court dismissed the rape charge, but evidence of the rape was introduced during the testimony of Alicia B., one of Melonzi’s victims, and the prosecution referred to it during *701 closing arguments to support the continuous sexual abuse charge. On June 18, 1998, a jury found Melonzi guilty on all four remaining counts.
Melonzi exhausted state remedies and then sought federal habeas relief. Relevant to this appeal, Melonzi’s federal habeas petition alleged that because he had been acquitted of rape, “his conviction [of continuous sexual abuse], based on the same alleged acts, violated the Double Jeopardy Clause of the Fifth Amendment.” The district court denied the petition. Melonzi appealed, and this court affirmed in part after determining that acquittal for rape did not bar prosecution for continuous sexual abuse. We remanded for a determination of whether relief was warranted under the doctrine of collateral estoppel, which Melonzi had not clearly presented to the district court, but which was “incipient in his double jeopardy claim.” Melonzi v. Hubbard, 229 Fed.Appx. 494, 495 (9th Cir.2007).
On remand, the district court determined that collateral estoppel barred the prosecution from introducing the rape evidence, and that by introducing this evidence, the prosecution had placed Melonzi in double jeopardy. The district court determined that because it could not be absolutely certain that the jury did not rely on the rape evidence in finding Melonzi guilty on the continuous sexual abuse charge, the introduction of the evidence was not harmless error.
Although the district court correctly recognized that it was required to determine whether the error was harmless, it erred by applying the “absolutely certain” harmless error standard from Lara v. Ryan, 455 F.3d 1080 (9th Cir.2006). In Lara, we stated that “when a case is submitted to the jury on alternative theories the unconstitutionality of any of the theories requires that the conviction be set aside” unless the court “is absolutely certain that the jury relied upon the legally correct theory to convict the defendant.” 455 F.3d at 1085 (internal quotations omitted).
After the district court granted Melonzi’s petition, however, the United States Supreme Court issued its opinion in Hedgpeth v. Pulido, 555 U.S. -, 129 S.Ct. 530, 533, 172 L.Ed.2d 388 (2008) (per curiam), which established that “an ‘absolute certainty5 standard is plainly inconsistent” with the harmless error analysis set forth in Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Pulido stated that the absolute certainty standard was more similar to “a finding that no violation had occurred at all, rather than that any error was harmless.” 129 S.Ct. at 533. Thus, Pulido establishes that the absolute certainty standard is inconsistent with harmless error review, and that the proper consideration is whether the introduction of the rape evidence “ ‘had substantial and injurious effect or influence in determining the jury’s verdict.5 ” Brecht, 507 U.S. at 638, 113 S.Ct. 1710 (quoting Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).
We reject Melonzi’s argument that Hubbard waived the harmless error argument by not raising it before the district court. See United States v. Flores-Montano, 424 F.3d 1044, 1047 (9th Cir.2005) (per curiam). “[T]he waiver rule is not one of jurisdiction, but discretion.” United States v. Northrop Corp., 59 F.3d 953, 957 n. 2 (9th Cir.1995). We note that the question before us is a pure question of law and that Melonzi has made no showing that he would be unfairly prejudiced by its consideration. See Flores-Montano, 424 F.3d at 1047. Furthermore, the issue of harmless error was before the district court. Melonzi cited Lara to support his argument that the introduction of the rape evidence was not harmless, see Melonzi v. *702 Hubbard, No. 01-20631, 2008 WL 3875308 (N.D.Cal. Aug. 19, 2008) (order denying request for stay), and the district court carried out a harmless error analysis in deciding the case. Hubbard is not precluded from arguing on appeal that the district court applied an incorrect standard in its harmless error analysis, particularly when the Supreme Court’s decision in Pu-lido issued while this appeal was pending and clarified the appropriate standard.
Therefore, the order of the district court is vacated, and the case is remanded so that the district court may determine whether the introduction of the rape evidence was harmless error in accordance with the analysis set forth in Brecht.
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.