FILED

APR 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ODAY MOUNSAVENG,

    Petitioner - Appellant,

v.

ANTHONY A. LAMARQUE,

    Respondent - Appellee.

No. 08-15122

D.C. No. CV-03-05377-LJO

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted February 8, 2010
San Francisco, California

Before: GOODWIN, BERZON and IKUTA, Circuit Judges.

Pursuant to the certificate of appealability, this appeal from a denial of 28

U.S.C. 2254 habeas corpus relief to Oday Mounsaveng presents two issues: (1)

whether the state court committed a structural error when the trial judge stated an

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

incorrect burden of proof regarding Mounsaveng's duress defense, and (2) if not, whether the state appellate court's harmless-error analysis was objectively unreasonable. *See* 28 U.S.C. §2253 (c)(3).

Between July 31 and December 19, 1996, Mounsaveng and Vaene Sivongxxay committed five armed robberies of small jewelry stores and a mini-market. In the final robbery, Sivongxxay shot and killed one of the owners. Mounsaveng and Sivongxxay were charged with first-degree murder, felony murder as to Mounsaveng, and robbery, including firearms enhancements. They were tried together without a jury.

Mounsaveng testified about a series of earlier uncharged robberies as well as the charged robberies. He represented that his duress began in December 1995 with various individuals, including Sivongxxay, who caused Mounsaveng to fear for his life and harm to his family, which resulted in his participation in the charged and uncharged robberies. In the five charged robberies, Mounsaveng and Sivongxxay had handguns, although Mounsaveng claimed that his gun was unloaded and that he did not receive any of the money or merchandise taken. While Mounsaveng did not contest his involvement in the robberies, charged and uncharged, he asserted a defense of duress under Cal. Penal Code § 26(6). The trial court found both defendants guilty of one count of first-degree murder,

2

thirteen counts of robbery, and two counts of attempted robbery plus the firearms enhancements.

Regarding Mounsaveng's duress defense, the trial judge concluded:

I find insufficient evidence of duress to rise to a standard of preponderance of the evidence as to each defendant.

[Mounsaveng] has established a prima facie case that would lead me to believe that there is the possibility that his initial entry into the robbery consortium that Mr. Sivongxxay and possibly others were in, however, this is not proof rising to a probability, *and would only apply to uncharged robberies that were testified to by [Mounsaveng]. It is clear that in–in between the time of those uncharged robberies that he testified to and the charged–the first charged offense in this case, he had ample opportunity to alert authorities to protect himself and his family, long periods of time unaccompanied by any other persons who were in a position to threaten him or his family with any imminent peril or danger.*

Having found the duress as to each defendant does not rise to the level of a preponderance of the evidence, but at best would be evenly balanced, the Court need not address the more technical legal issues of applicability of duress to the various types of offenses involved in this case.

The court simply finds insufficient evidence of that duress to affect any of these charges or enhancements. (Emphasis added.)

*People v. Mounsaveng*, 105 Cal. Rptr. 2d 285, 289-90 (2001)[1] (internal quotation marks omitted) (quoting the trial court).

---

[1] The California Supreme Court initially granted Mounsaveng's petition for review, *People v. Mounsaveng*, 109 Cal. Rptr. 2d 300 (2001), but subsequently dismissed it as improvidently granted, 126 Cal. Rptr. 2d 535 (2002).

The California Court of Appeal recognized that the trial court's application of a preponderance-of-the-evidence standard to Mounsaveng's duress defense was error, because it relieved "the prosecution of the burden of proving each element of the charged offense beyond a reasonable doubt," violating Mounsaveng's due process rights. *Id*. at 291. The appellate court, however, analogized this to trial error in jury instructions rather than structural error, making it subject to harmless-error review under *Chapman v. California*, 386 U.S. 18 (1967), on direct appeal. *Id*. The California appellate court determined that the trial

> court's application of the incorrect burden of proof on [Mounsaveng's] duress defense was akin to improperly instructing a jury on that issue. Consequently, we hold that [Mounsaveng's] conviction should not be set aside if this court can confidently say on the entire record that the constitutional error was harmless beyond a reasonable doubt, i.e., the error did not contribute to the court's verdict.

*Id*. at 291-92 (citing *Rose v. Clark*, 478 U.S. 570, 576 (1986)). The court noted that the trial court applied the erroneous preponderance-of-the-evidence standard only "to the *uncharged* robberies"; therefore, "this error could not have contributed to the verdict." *Id*. at 292.

Regarding the charged crimes, the California Court of Appeal stated that the trial court "determined it was *clear* that between the time of the uncharged robberies and the first charged robbery [Mounsaveng] had ample opportunity to

4

alert authorities to protect himself and his family, long periods of time unaccompanied by any other persons who were in a position to threaten him or his family with any imminent peril or danger." *Id.* (internal quotation marks omitted). The court quoted *United States v. Bailey*, 444 U.S. 394 (1980), in which the Supreme Court addressed the defenses of duress and necessity and recognized that the two defenses had "one principle [that] remains constant[:] '[I]f there was a reasonable, legal alternative to violating the law, "a chance both to refuse to do the criminal act and also to avoid the threatened harm," the defenses will fail.'" *Mounsaveng*, 105 Cal. Rptr. 2d at 292 (quoting *Bailey*, 444 U.S. at 410).

On habeas review, the district court applied *Brecht v. Abrahamson*, 507 U.S. 619 (1993), where a "constitutional error results in reversal 'only if it had a substantial and injurious effect or influence in determining the . . . verdict'"; that is "'actual prejudice.'" ER 25 (quoting *Brecht*, 507 U.S. at 631, 637). Regarding Mounsaveng's constitutional challenge under federal law, the district court agreed with the California Court of Appeal's reliance on *Bailey*, which "expressly holds lack of a reasonable and legal alternative to violating the law to be a precondition 'under any definition of' duress." ER 31 (quoting *Bailey*, 444 U.S. at 410).

"We review de novo the district court's grant or denial of a 28 U.S.C. § 2254 petition for writ of habeas corpus." *Yee v. Duncan*, 463 F.3d 893, 897 (9th Cir.

5

2006).  The Supreme Court has confirmed that many trial errors are subject to harmless-error review.  *Hedpeth v. Pulido*, 129 S. Ct. 530, 532 (2008).  In this case, the state appellate court determined that the erroneous burden of proof applied only to the uncharged crimes.  Because the trial court applied the proper, beyond-a-reasonable doubt standard to the charged crimes, the verdict as to them was unaffected.

"We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam); *see Musladin v. Lamarque*, 555 F.3d 830, 838 n.6 (9th Cir. 2009) ("[W]e are bound to presum[e] that state courts know and follow the law, and we have been instructed that AEDPA's deferential standard demands that state-court decisions be given the benefit of the doubt." (citation and internal quotation marks omitted)).  Thus, the trial court's misstatement as to the preponderance-of-the-evidence standard regarding Mounsaveng's ineffective duress defense was a trial error as to the uncharged crimes, which did not affect the verdict as to the charged crimes.

Like the district court, for constitutional review of habeas appeals, we use the *Brecht* standard that an error is harmless unless it "had a substantial and

6

injurious effect or influence in determining the . . . verdict." *Brecht*, 507 U.S. at 637; *see Fry v. Pliler*, 551 U.S. 112, 120-22 (2007) (recognizing that a habeas court must apply the *Brecht* standard, which subsumes the AEDPA/*Chapman* standard). The California Court of Appeal concluded that the incorrect statement of the burden of proof was limited to the uncharged robberies, and that there was sufficient time and opportunity between the uncharged robberies and charged robberies for Mounsaveng to have alerted authorities to protect himself and his family and no showing of imminent danger. Therefore, the state appellate court's harmless-error analysis was not objectively unreasonable, and the erroneous burden-of-proof standard applied to the uncharged crimes did not have a substantial and injurious effect on the verdict for the charged crimes.

**AFFIRMED.**