**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KENNETH HARRELL SCHULTZ,
            *Petitioner-Appellant,*

v.

JAMES E. TILTON, Secretary of
California Department of
Corrections and Rehabilitation,
            *Respondent-Appellee.*

No. 09-55998

D.C. No.
8:07-cv-01071-
RMT-JTL

OPINION

Appeal from the United States District Court
for the Central District of California
Robert M. Takasugi, District Judge, Presiding

Submitted October 13, 2011*
Pasadena, California

Filed October 27, 2011

Before: Alfred T. Goodwin and Kim McLane Wardlaw,
Circuit Judges, and William K. Sessions III,
District Judge.**

Per Curiam Opinion

---

\*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*The Honorable William K. Sessions III, U.S. District Judge for the District of Vermont, sitting by designation.

19581

## COUNSEL

Jonathan P. Milberg, Appellate Associates, Pasadena, California, for the petitioner-appellant.

Matthew Mulford, Deputy Attorney General, San Diego, California, for the respondent-appellee.

## OPINION

PER CURIAM:

Kenneth Harrell Schultz appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court certified a single issue for our review under § 2253(c)(3): whether the California trial court's use of California Jury Instruction, Criminal ("CALJIC") No. 2.50.01 (8th ed. 2002) violated Schultz's constitutional right to due process by allowing the jury to find

him guilty of charged offenses based only on facts found by a preponderance of the evidence.

We have jurisdiction under § 2253(a) and review the district court's denial of the petition *de novo*. *Brown v. Horell*, 644 F.3d 969, 978 (9th Cir. 2011). Under the Antiterrorism and Effective Death Penalty Act, we may grant a writ of habeas corpus only if the state court's judgment was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence in the State court proceeding." 28 U.S.C. § 2254(d). Because the decision of the California Court of Appeal to reject Schultz's constitutional challenge to CALJIC No. 2.50.01 was not contrary to clearly established Federal law, we affirm.

In 2004, Schultz was convicted of committing lewd acts upon three children under the age of fourteen in violation of California Penal Code § 288(a). In addition to evidence of the charged conduct involving these three victims, the prosecution presented evidence at trial of prior uncharged sexual misconduct by Schultz involving two other minors. The evidence of this uncharged conduct was presented to demonstrate Schultz's propensity for committing sexual offenses pursuant to California Evidence Code § 1108, which allows such evidence to be introduced as long as its probative value is not substantially outweighed by its prejudicial effect. *See* Cal. Evid. Code § 352.

In light of the evidence concerning Schultz's uncharged sexual misconduct, the state trial court instructed the jury pursuant to the 2002 version of CALJIC No. 2.50.01. The CALJIC No. 2.50.01 instruction given to Schultz's jury provided:

> Evidence has been introduced for the purpose of
> showing that the defendant engaged in a sexual

offense on one or more occasions other than that charged in the case.

If you find that the defendant committed a prior sexual offense, you may, but are not required to, infer that the defendant had a disposition to commit sexual offenses.

If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime or crimes of which he is accused.

However, if you find by a preponderance of the evidence that the defendant committed prior sexual offenses, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes. If you determine an inference properly can be drawn from this evidence, this inference is simply one item for you to consider, along with all other evidence, in determining whether the defendant has been proved guilty beyond a reasonable doubt of the charged crime.

You must not consider this evidence for any other purpose.

**[1]** Schultz contends that this instruction misstated the prosecution's burden of proof, allowing the jury to convict him of the charged counts based on a preponderance of the evidence in violation of his constitutional right to due process. The Due Process Clause of the Fourteenth Amendment requires the prosecution to prove every element charged in a criminal offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970). A jury instruction that reduces the level of proof necessary for the Government to carry its burden "is plainly inconsistent with the constitutionally rooted presumption of innocence." *Cool v. United States*, 409 U.S.

100, 104 (1972). "All challenged instructions[, however,] must be considered in light of all of the jury instructions and the trial record as a whole." *Mendez v. Knowles*, 556 F.3d 757, 768 (9th Cir. 2009) (citing *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973)).

**[2]** Schultz principally relies on our prior decision in *Gibson v. Ortiz*, 387 F.3d 812, 822 (9th Cir. 2004), *overruled in part by Hedgpeth v. Pulido*, 555 U.S. 57, 60 (2008)*, as recognized in Byrd v. Lewis*, 566 F.3d 855, 866-67 (9th Cir. 2009). *Gibson* examined an older version of CALJIC 2.50.01 from 1996 that contained language similar to the first three paragraphs of the 2002 version but not the cautions included in the fourth paragraph of the 2002 version. *Compare id.* at 817, *with* CALJIC No. 2.50.01 (8th ed. 2002).[1] The 1996 version did not contain the instruction that "if you find by a preponderance of the evidence that the defendant committed prior sexual offenses, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes." This language was added in a 1999 revision to the instruction. CALJIC No. 2.50.01 (7th ed. 1999). The 1996 version examined in *Gibson* also did not contain the instruction that "[i]f you determine an inference properly can be drawn from this

---

[1]At the time of Gibson's trial, CALJIC No. 2.50.01 read in relevant part:

> Evidence has been introduced for the purpose of showing that the defendant engaged in a sexual offense on one or more occasions other than that charged in the case . . . .

> If you find that the defendant committed a prior sexual offense, you may, but are not required to, infer that the defendant had a disposition to commit the same or similar type sexual offenses. If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime or crimes of which he is accused.

> Unless you are otherwise instructed, you must not consider this evidence for any other purpose.

*Gibson*, 387 F.3d at 817.

evidence, this inference is simply one item for you to consider, along with all other evidence, in determining whether the defendant has been proved guilty beyond a reasonable doubt of the charged crime." This language was added in the 2002 revision to the instruction. CALJIC No. 2.50.01 (8th ed. 2002).

Since the jury in *Gibson* had been initially instructed on the correct burden of proof for the charged offenses, we did not hold that the 1996 version of CALJIC No. 2.50.01 was by itself unconstitutional. 387 F.3d at 822 ("Had the jury instructions ended with CALJIC No. 2.50.01, our inquiry would have ended with a denial of Gibson's petition."). Because the *Gibson* jury was subsequently instructed with the 1996 version of CALJIC No. 2.50.1, however, we held that the instructions as a whole were "constitutionally infirm." *Id.* (discussing CALJIC No. 2.50.1 (6th ed. 1996) ("Within the meaning of the preceding instructions the prosecution has the burden of proving by a preponderance of the evidence that a defendant committed sexual offenses and/or domestic violence other than those for which he is on trial.")). Specifically, we concluded that "the interplay of the two instructions allowed the jury to find that Gibson committed the uncharged sexual offenses by a preponderance of the evidence and thus to infer that he had committed the *charged* acts based upon facts found not beyond a reasonable doubt, but by a preponderance of the evidence." *Id.*

[3] Turning to the revised version of CALJIC No. 2.50.01 at issue here, the California Supreme Court in *People v. Reliford*, 62 P.3d 601, 606 (Cal. 2003), held that the 1999 version of the instruction does not violate due process, stating that "we do not find it reasonably likely a jury could interpret the instructions to authorize conviction of the charged offenses based on a lowered standard of proof." *See also People v. Falsetta,* 986 P.2d 182, 194 (Cal. 1999) (rejecting a due process challenge to Cal. Evid. Code § 1108 and stating that the 1999 version of CALJIC No. 2.50.01 "adequately sets forth

the controlling principles under section 1108"). The *Reliford* court further found that "no juror could reasonably interpret the instructions to authorize conviction of a charged offense based solely on proof of an uncharged sexual offense." 62 P.3d at 606. Finally, the court stated in dictum that the 2002 revisions to CALJIC No. 2.50.01 further clarified the instruction, "provid[ing] additional guidance on the permissible use of the other-acts evidence and remind[ing] the jury of the standard of proof for a conviction of the charged offenses." *Id.* at 607. Citing *Reliford*, the California Court of Appeal rejected Schultz's constitutional challenge to the 2002 version of CALJIC No. 2.50.01 used at his trial. *People v. Schultz*, No. G034696, 2006 WL 636735, at *10 (Cal. Ct. App. March 15, 2006) (unpublished).

**[4]** We hold that the California Court of Appeal did not act contrary to federal law in applying the analysis from *Reliford* to uphold the 2002 version of CALJIC No. 2.50.01. In contrast with the instructions given in *Gibson*, the 2002 version of CALJIC No. 2.50.01 in no way suggests that a jury could reasonably convict a defendant for charged offenses based merely on a preponderance of the evidence. Reflecting the revisions made in both 1999 and 2002, the instruction given to Schultz's jury was unambiguous and made clear that Schultz could be convicted only if the evidence as a whole "proved [him] guilty beyond a reasonable doubt of the charged crime." *Cf. Mendez*, 556 F.3d at 770 (distinguishing *Gibson* where "several instructions regarding the beyond a reasonable doubt standard were read to the jury after the jury was given the preponderance of the evidence instruction").

While noting that his jury was instructed as to the definition of "preponderance of the evidence" pursuant to CALJIC 2.50.2, Schultz makes no argument that ambiguity as to the burden of proof was created by instructions other than CALJIC No. 2.50.01. Indeed, he makes only an indirect reference to CALJIC 2.50.1, which was central to our decision in *Gibson*. *See* 387 F.3d at 822. This omission is likely because this

instruction was also revised in 2002 to clearly state that "[i]f you find that other crimes were committed by a preponderance of the evidence, you are nevertheless cautioned and reminded that before a defendant can be found guilty of any crime charged in this trial, the evidence as a whole must persuade you beyond a reasonable doubt that the defendant is guilty of that crime." CALJIC No. 2.50.1 (8th ed. 2002). For this reason as well, our holding in *Gibson* is not applicable to the circumstances here.

**AFFIRMED.**