FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICAH A. HARRIS,<br><br>　　　　Petitioner - Appellant,<br><br>　v.<br><br>M. MARTEL, Warden and KAMALA D. HARRIS,* Attorney General of the State of California,<br><br>　　　　Respondents - Appellees. | No. 10-55370<br><br>D.C. No. 3:09-cv-00503-IEG-AJB<br><br>MEMORANDUM** |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted November 10, 2011
Pasadena, California

---

\* Kamala D. Harris has been substituted for her predecessor, Jerry Brown, as Attorney General for the State of California under Fed. R. App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TALLMAN and MURGUIA, Circuit Judges, and ROSENTHAL,[***] District Judge.

Micah Harris, a California state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus. Under 28 U.S.C. § 2254(d)(1), Harris must show that the California Court of Appeal's decision was contrary to, or an objectively unreasonable application of, federal law. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398–99 (2011). We review the district court's decision de novo, *Schultz v. Tilton*, 659 F.3d 941, 942 (9th Cir. 2011) (per curiam), and we affirm.

First, Harris argues that the California Court of Appeal unreasonably applied established federal law in rejecting the claim that testimony by two witnesses about their own sexual encounters with him, amounting to prior uncharged sexual offenses, violated his federal due process rights. "Our precedent squarely forecloses this argument." *Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008).

Second, Harris argues that the California appellate court unreasonably applied established federal law in rejecting his claim that the trial court's restrictions on his cross-examination of one of these witnesses about her relationship with an ex-boyfriend violated his Sixth Amendment rights. Harris argues that he should have been permitted to cross-examine the witness about her

[***] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

2

fear of this ex-boyfriend to argue that the fear made her lie to the police about the nature of her encounter with Harris. To meet his burden, Harris must show that the California Court of Appeal was unreasonable in rejecting his argument that, had the requested cross-examination been allowed, "[a] reasonable jury might have received a significantly different impression of [the witness's] credibility." *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986).

The Court of Appeal gave three reasons for its conclusion that Harris had not made the necessary showing. First, the witness had stated during a pretrial hearing that she was not afraid of her ex-boyfriend when she went to the police. Second, the witness testified during Harris's trial that she had previously obtained a restraining order against her ex-boyfriend. Third, even if further cross-examination would have produced evidence from which the jury could have inferred that the witness feared her ex-boyfriend at the time of her sexual encounter with Harris, and thus had reason to lie to the ex-boyfriend about the nature of the encounter, that evidence would not explain why the witness reported the encounter to the police over a year later, and Harris proffered no evidence that the witness and her ex-boyfriend had been in contact since immediately after that encounter. Fairminded jurists would not agree that these reasons were inconsistent with Supreme Court precedent. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

3

*Olden v. Kentucky*, 488 U.S. 227 (1998) (per curiam), the case on which Harris relies, is easily distinguishable. In *Olden*, the witness and her boyfriend were in a relationship at the time of the witness's sexual encounter with the defendant, and the two were living together at the time of the trial. *Id.* at 229–30. The nature of the witnesses's relationship with her ex-boyfriend in this case was very different than the witness's relationship in *Olden*.

Finally, Harris argues that the Court of Appeal unreasonably applied established federal law in holding that sufficient evidence supported his conviction for torture. *See* CAL. PENAL CODE § 206. The jury heard testimony from the victim that Harris brutally assaulted her several times over a half-hour period, including slamming her face into a metal rail. Her injuries were severe, requiring reconstructive surgery. The victim testified that the assault began after she complained to a friend that Harris was "not leaving me alone," and that Harris yelled "just stay with me" during the assault. The evidence in the record amply supported the cruel nature of his acts. The Court of Appeal did not unreasonably apply federal law in concluding that, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*,

443 U.S. 307, 319 (1979) (emphasis in original); *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005).

AFFIRMED.