**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GONZALO EDWARD GONZALEZ, | No. 12-55661 |
| Petitioner - Appellant, | D.C. No. 5:08-cv-01817-GAF-FFM |
| v. | |
| ROBERT A. HOREL, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted July 10, 2014
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Petitioner-Appellant Gonzalo E. Gonzalez appeals the district court's denial

of his 28 U.S.C. § 2254 habeas petition challenging his conviction for carrying a

concealed firearm as a participant in an active street gang in violation of California

Penal Code § 12025(b)(3).  His conviction on that count was stayed pursuant to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

California Penal Code § 654 due to his contemporaneous conviction for being a felon in possession of a firearm under California Penal Code § 12021(a)(1). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.[1]

We review *de novo* a district court's denial of a habeas petition. *Schultz v. Tilton*, 659 F.3d 941, 942 (9th Cir. 2011). Our review is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007).

Gonzalez first contends that the trial court committed reversible error when it omitted the element of actual concealment from the jury instruction in violation of his Sixth and Fourteenth Amendment rights. But the record shows that, while charging the jury, the judge modified CALJIC No. 12.47.1 to omit the "capable of" language. The judge therefore recited actual concealment as an element of the crime. Moreover, even if CALJIC No. 12.47.1 had been read unmodified, we conclude that the California Court of Appeal's finding that this did not amount to constitutional error was not contrary to clearly established Supreme Court law. Although the text of CALJIC No. 12.47.1 omits actual concealment from its

---

[1] Because Gonzalez's sentence on the challenged conviction was stayed, we asked the parties to address whether Gonzalez was "in custody" for purposes of establishing habeas jurisdiction. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (addressing the "in custody" requirement in 28 U.S.C. § 2241(c)(3)). After argument, we are convinced that we have jurisdiction.

enumerated elements, it begins by parroting the text of the criminal statute, which clearly highlights that actual concealment is required. *See Estelle v. McGuire*, 502 U.S. 62, 74–75 (1991) (stating the high standard to establish a federal due process violation on habeas through challenging a jury instruction); *see also Waddington v Sarausad*, 555 U.S. 179, 190–96 (2009) (holding that there was no due process violation under AEDPA where the challenged jury instruction "parroted the language of the statute"). As a result, we must respect the state court decision and conclude that there was not a reasonable likelihood that the jury applied the instruction in a way that relieved the state of its burden of proving each element of the offense beyond a reasonable doubt. *See Boyd v. California*, 494 U.S. 370, 380–81 (1990); *see also Middleton v. McNeil*, 541 U.S. 433, 437–38 (2004).

Gonzalez next contends that the California Court of Appeal unreasonably applied clearly established Supreme Court law when it found that the evidence was sufficient to prove that Gonzalez was carrying a concealed firearm. In reviewing for sufficiency of the evidence, a federal court must view the facts and draw inferences in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 326 (1979). The court must also defer to a state court's interpretation of state law. *See Hicks v. Feiock*, 485 U.S. 624, 630 (1988). Here, the California Court of Appeal concluded first, based on state law, that the "defendant concealed

3

the weapon by hiding it outside the window frame, where Parsons could not see it." It then went on to conclude that "[i]t is also most probable, almost certain, that defendant was carrying the gun concealed on his person before he brandished it in front of Parsons." As to the conclusion that Gonzalez carried a concealed weapon on his person, the record contains no direct evidence. But, drawing all inferences in favor of the prosecution, based on the circumstantial evidence presented at trial, a reasonable jury could have found that Gonzalez concealed the weapon.

Gonzalez finally contends that the effect of "three errors in this case—the instructional error, the sufficiency of the evidence claim, and the erroneous barring of Mr. Gonzalez's impeachment evidence—cumulatively violated [his] right to a fair trial." Because we conclude that there was no instructional error and that sufficient evidence existed to convict Gonzalez on the concealment charge, even assuming that the California Court of Appeal correctly concluded that the trial court erred in declining to admit prior testimony from Gonzalez's sister, Gonzalez cannot prove that cumulative error infected his trial with unfairness. *See Ybarra v. McDaniel*, 656 F.3d 984, 1001 (9th Cir. 2011). To the degree that Gonzalez seeks to expand the Certificate of Appealability to explore other alleged trial errors, we decline his request. *See Mendez v. Knowles*, 556 F.3d 757, 770 (9th Cir. 2009) (stating the standard for expanding a certificate of appealability).

4

**AFFIRMED.**

Gonzalez v. Horel, 12-55661

SILVERMAN, Circuit Judge, dissenting:


In considering an insufficient evidence claim, a reviewing court takes the proof elicited at trial in the light most favorable to upholding the jury's verdict. Our deference is doubled in a habeas case. A federal court may not overturn a state court decision even if it is erroneous. Rather, relief under § 2254 may be granted only if the decision of the state court is more than erroneous – it must be unreasonable. That is the situation here.


The state admits that there is no direct evidence that Gonzalez carried a concealed firearm on his person. No one saw him produce a gun from his pocket or waistband, for example, nor was a gun found on him in a search. In the absence of direct evidence, the state sought to prove by circumstantial evidence that he must have had the gun concealed on him before he brandished it at the window. The sole circumstantial evidence on this critical point – indeed, the sole evidence of any type – consisted of a previous statement made by a person inside the house. He saw Gonzalez at the window with his hands empty. He then saw Gonzalez reach down below the window sill – to where we do not know; he could not see –

and then come back up with the gun. It is possible that Gonzalez pulled the gun from his waistband or pocket, but it is equally possible that he pulled it out of a holster. The state failed to offer any evidence that Gonzalez *wasn't* wearing a holster, and of course, the burden of proof was on the state. Likewise, the state failed to negate the possibility that Gonzalez carried the gun in his hand to the window, placed the gun on the ground before contacting the person inside, then reached down to pick it up.

The conclusion that Gonzalez had the gun concealed on his person is nothing more than a guess – one possibility among at least two other, equally plausible possibilities. Proof beyond a reasonable doubt cannot be decided by a coin flip. Even indulging every inference in favor of upholding the verdict, and even considering the deference we owe to state court decisions, I would respectfully hold that there was literally no evidence to support a finding beyond a reasonable doubt that the gun was concealed on Gonzalez's person. Because the state court decision upholding the judgment was unreasonable, I would reverse the denial of habeas relief.