MEMORANDUM *
Petitioner-Appellant Gonzalo E. Gonzalez appeals the district court’s denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for carrying a concealed firearm as a participant in an active street gang in violation of California Penal Code § 12025(b)(3). His conviction on that count was stayed pursuant to California Penal Code § 654 due to his contempora *775 neous conviction for being a felon in possession of a firearm under California Penal Code § 12021(a)(1). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.[1]
We review de novo a district court’s denial of a habeas petition. Schultz v. Tilton, 659 F.3d 941, 942 (9th Cir.2011). Our review is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (“AEDPA”). Brawn v. Ornoski, 503 F.3d 1006, 1010 (9th Cir.2007).
Gonzalez first contends that the trial court committed reversible error when it omitted the element of actual concealment from the jury instruction in violation of his Sixth and Fourteenth Amendment rights. But the record shows that, while charging the jury, the judge modified CALJIC No. 12.47.1 to omit the “capable of’ language. The judge therefore recited, actual concealment as an element of the crime. Moreover, even if CALJIC No. 12.47.1 had been read unmodified, we conclude that the California Court of Appeal’s finding that this did not amount to constitutional error was not contrary to clearly established Supreme Court law. Although the text of CALJIC No. 12.47.1 omits actual concealment from its enumerated elements, it begins by parroting the text of the criminal statute, which clearly highlights that actual concealment is required. See Estelle v. McGuire, 502 U.S. 62, 74-75, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (stating the high standard to establish a federal due process violation on habeas through challenging a jury instruction); see also Waddington v. Sarausad, 555 U.S. 179, 190-96, 129 S.Ct. 823, 172 L.Ed.2d 532 (2009) (holding that there was no due process violation under AEDPA where the challenged jury instruction “parroted the language of the statute”). As a result, we must respect the state court decision and conclude that there was not a reasonable likelihood that the jury applied the instruction in a way that relieved the state of its burden of proving each element of the offense beyond a reasonable doubt. See Boyde v. California, 494 U.S. 370, 380-81, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990); see also Middleton v. McNeil, 541 U.S. 433, 437-38, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004).
Gonzalez next contends that the California Court of Appeal unreasonably applied clearly established Supreme Court law when it found that the evidence was sufficient to prove that Gonzalez was carrying a concealed firearm. In reviewing for sufficiency of the evidence, a federal court must view the facts and draw inferences in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The court must also defer to a state court’s interpretation of state law. See Hicks v. Feiock, 485 U.S. 624, 630, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988). Here, the California Court of Appeal concluded first, based on state law, that the “defendant concealed the weapon by hiding it outside the window frame, where Parsons could not see it.” It then went on to conclude that “[i]t is also most probable, almost certain, that defendant was carrying the gun eoneéaled on his person before he brandished it in front of Parsons.” As to the conclusion that Gonzalez carried a concealed weapon on his person, the record contains no direct evidence. But, drawing all inferences in favor of the prosecution, based on the *776 circumstantial evidence presented at trial, a reasonable jury could have found that Gonzalez concealed the weapon.
Gonzalez finally contends that the effect of “three errors in this case — the instructional error, the sufficiency of the evidence claim, and the erroneous barring of Mr. Gonzalez’s impeachment evidence — cumulatively violated [his] right to a fair trial.” Because we conclude that there was no instructional error and that sufficient evidence existed to convict Gonzalez on the concealment charge, even assuming that the California Court of Appeal correctly concluded that the trial court erred in declining to admit prior testimony from Gonzalez’s sister, Gonzalez cannot prove that cumulative error infected his trial with unfairness. See Ybarra v. McDaniel, 656 F.3d 984, 1001 (9th Cir.2011). To the degree that Gonzalez seeks to expand the Certificate of Appealability to explore other alleged trial errors, we decline his request. See Mendez v. Knowles, 556 F.3d 757, 770 (9th Cir.2009) (stating the standard for expanding a certificate of appeala-bility).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Because Gonzalez’s sentence on the challenged conviction was stayed, we asked the parties to address whether Gonzalez was "in custody" for purposes of establishing habeas jurisdiction. See Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam) (addressing the "in custody” requirement in 28 U.S.C. § 2241(c)(3)). After argument, we are convinced that we have jurisdiction.