# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2009

Charles R. Fulbruge III
Clerk

No. 07-41251
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DIANA GONZALEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:07-CR-479-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Diana Gonzalez appeals her jury conviction of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and importation of in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

excess of five kilograms of cocaine. She argues that the district court erred in making various comments, during the jury instructions, that the only real issue was whether she knew that the van she was driving contained a controlled substance. She claims this is a structural error that requires reversal.

Gonzalez was stopped at a border checkpoint at Bridge 2 in Laredo, Texas, when she entered the United States from Mexico driving a van. A border patrol officer referred her to the secondary inspection area, because Gonzalez appeared nervous and had glanced toward the ceiling of the van. In the secondary inspection area, a canine alerted to all four corners of the roof. An x-ray revealed an anomaly in the roof of the van. An officer drilled into the roof and discovered forty packages of cocaine having a total weight of forty-eight kilograms, hidden in a very sophisticated manner in a compartment in the top rear portion of the roof.

Incorrect jury instructions are generally not considered structural errors. *Hedgpeth v. Pulido*, 129 S. Ct. 530, 532 (2008) (holding that instructional errors that do not "categorically 'vitiat[e] all the jury's findings'" are trial errors as to which harmless error analysis applies, not structural errors (emphasis and internal quotation marks omitted) (quoting *Neder v. United States*, 527 U.S. 1, 11 (1999))). We apply the plain error standard of review in such cases in which the defendant did not object to the district court's comments during jury instructions. *United States v. Inocencio*, 40 F.3d 716, 728-29 (5th Cir. 1994); *United States v. Pool*, 660 F.2d 547, 559 (Former 5th Cir. Nov. 1981); *see United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009).

To establish plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. *Id.* If the appellant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Gonzalez has not shown that the district court's comments, viewed as a whole, were sufficiently quantitatively or qualitatively substantial to pose any threat to the fairness of her trial. *See United States v. Bermea*, 30 F.3d 1539,

1569 (5th Cir. 1994); *see also Inocencio*, 40 F.3d at 729-31. The comments appear to be analogous to those at issue in *Inocencio*, in which this court found no error, because the comments reflected the evidence in the record, and the district court gave curative instructions. *See Inocencio*, 40 F.3d at 729-31.

The government and defense counsel argued in opening and closing arguments that the central issue is whether Gonzalez knew that the cocaine was hidden in the van. The court's comments were based on the evidence presented at trial and referred to the same evidence mentioned in the parties' closing arguments. The court did not state that the jury should find that Gonzalez knew the cocaine was there or should find her guilty. Further, the court gave general curative instructions that the jury should base its decision on the law and the evidence and not on anything the court had said or done; that the jury was the sole judge of the witnesses' credibility; that the government had to prove that Gonzalez was guilty beyond a reasonable doubt; and that the government had to prove that Gonzalez knew the substance was there and that it was a controlled substance.

The curative instructions operate against a finding of a constitutional violation. *See United States v. Lankford*, 196 F.3d 563, 573 (5th Cir. 1999). Juries are presumed to follow their instructions. *See Zafiro v. United States*, 506 U.S. 534, 540 (1993). Gonzalez has not shown plain error. *See Inocencio*, 40 F.3d at 729-31; *Bermea*, 30 F.3d at 1569.

AFFIRMED.