MEMORANDUM *
Petitioner Vouty Thol (“Thol”) appeals from the denial of his 28 U.S.C. § 2254 habeas petition, arguing that a jury instruction error had a substantial and injurious effect on the jury’s verdict in his case. We review the district court’s ruling de novo, Byrd v. Lewis, 566 F.3d 855, 859 (9th Cir.2009), and we affirm.[1]
Thol was tried and convicted of first degree attempted murder and, in the alternative, first degree assault of Bunny Vath (“Vath”). The Washington state court entered judgment and sentenced Thol on the first degree attempted murder charge only. Thol appealed, contending that his conviction and sentence should be reversed because of a faulty jury instruction. The Washington Court of Appeals acknowledged that the accomplice liability instruction given at Thol’s trial was similar to one found to be defective by the Washington *454 Supreme Court. State v. Trujillo, 112 Wash.App. 390, 49 P.3d 935, 941 (2002) (citing State v. Roberts, 142 Wash.2d 471, 14 P.3d 713 (2000)). Nevertheless, the Court of Appeals held that “because the record demonstrates conclusively that such error could not have materially affected the jury’s deliberations in this case ... [the error] was harmless beyond a reasonable doubt.” Id.
Contrary to Thol’s assertion in the original briefing, we do not review the Court of Appeals’ decision under a structural error standard. Rather, following the Supreme Court’s directive in Hedgpeth v. Pulido, - U.S. -, 129 S.Ct. 530, 532, 172 L.Ed.2d 388 (2008), we consider the Court of Appeals’ decision under the “substantial and injurious effect” standard established in Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).
The Court of Appeals determined that the record supported Thol’s conviction as a principal, rendering harmless any jury instruction error regarding accomplice liability. The Court of Appeals analyzed Thol’s claim using the proper harmless error standard, as defined by Neder v. United States, 527 U.S. 1, 7-8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). In determining that it was “clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error,” id. at 18,119 S.Ct. 1827, the Court of Appeals conducted a thorough examination of the record to determine “whether the record contains evidence that could rationally lead to a contrary finding with respect” to the error. Id. at 19, 119 S.Ct. 1827. The Court of Appeals detailed Thol’s involvement in the attack on Vath, including his recruitment, his attendance at a planning gathering that occurred just before the attack, witness testimony that Thol was present when one of the men detailed the group’s plan to “[k]nock on the door and shoot,” and his presence in one of the vehicles used in the attack. The Court of Appeals’ conclusion was not contrary to nor based on an unreasonable application of Supreme Court law. See 28 U.S.C. § 2254(d).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Thol's Unopposed Motion to Enlarge the Record is granted except as to the two declarations of the allegedly recanting witnesses. Thol's Motion seeking Judicial Notice of Portions of the State Court Record is granted except to the extent such documents were not part of the record before the Washington State Court of Appeals. Waddington's Motion to Strike Supplemental Excerpts of Record is denied as moot because Thol agreed to exclude the declarations referenced above.