**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER GARTH WILLIAMS, | No. 08-16644 |
| Petitioner - Appellant, | D.C. No. 2:03-CV-00298-RCJ-RJJ |
| v. | |
| JAMES SCHOMIG, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted December 8, 2009
San Francisco, California

Before: O'SCANNLAIN, RAWLINSON, and BEA, Circuit Judges.

Appellant Christopher Williams (Williams) challenges the district court's

denial of his habeas petition, contending that his constitutional rights were violated

because the jury instructions on first-degree murder did not define "willful" and

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

"deliberate." Because Williams's habeas petition was filed after 1996, his claim is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Byrd v. Lewis*, 566 F.3d 855, 859 (9th Cir. 2009).

"Under AEDPA, [Williams's] petition can be granted only if the state court determination resolving his claims was contrary to, or involved an unreasonable application of, clearly established Federal law . . ." *Id.* (citation and internal quotation marks omitted). It is clearly established federal law as set forth by the Supreme Court, that an instructional error on an element of the offense may constitute a constitutional violation and that harmless error analysis is appropriate. *See Hedgpeth v. Pulido*, — U.S. —, 129 S. Ct. 530, 532 (2008); *Neder v. United States*, 527 U.S. 1, 8 (1999); *In re Winship*, 397 U.S. 358, 364 (1970). In "determining whether a constitutional error is harmless," the test "is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Neder*, 527 U.S. at 15 (citations and internal quotation marks omitted).

The trial court erred in giving the *Kazalyn*[1] instruction to the jury. *Nika v. State*, 198 P.3d 839 (Nev. 2008). However, the Nevada Supreme Court's denial of

---

[1] The instruction given was derived from *Kazalyn v. State*, 825 P.2d 578 (Nev. 1992), and made no distinction among the first-degree murder elements of premeditation, deliberation and willfulness.

Williams's instructional error claim was not contrary to or an unreasonable application of governing Supreme Court precedent. Overwhelming evidence in the record convinces us beyond a reasonable doubt that use of the *Kazayln* instruction did not affect the verdict. *See Neder*, 527 U.S. at 19-20 (concluding that instructional error is harmless where the record contained no evidence that could rationally lead to a contrary finding).

Because Williams is unable to make the requisite showing, we decline to expand the certificate of appealability. *See Mendez v. Knowles*, 556 F.3d 757, 770-71 (9th Cir. 2009).

**AFFIRMED.**