FILED

JAN 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY A. JAMES, | No. 08-55216 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-02882-AHM-E |
| v. | |
| JEANNE WOODFORD, ROBERT AYERS, JR., and CHARLES M. HARRISON, | MEMORANDUM [*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted November 3, 2009
Pasadena, California

Before: SCHROEDER, SILER, and IKUTA,[**] Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Timothy A. James appeals the district court's denial of his habeas corpus petition. He argues that an extra jury instruction on simple malice prejudiced his conviction for second-degree murder.

In 2003, James shot and killed Robert Rodela near the Pico-Union area apartment complex where James lived. He was convicted of second-degree murder. The California Court of Appeal affirmed his conviction and held that the trial court's use of an extra jury instruction on simple malice was harmless error. The California Supreme Court summarily denied his petition for review. James then filed a federal petition for a writ of habeas corpus, which the district court denied on the ground that it was absolutely certain that the jury did not convict him of second-degree murder based on the extra instruction.

The only issue in this appeal is whether James was prejudiced by the extra jury instruction on malice. James is not entitled to relief unless "[he] can establish that the error resulted in actual prejudice." *Ho v. Carey*, 332 F.3d 587, 595 (9th Cir. 2003) (quotation marks omitted). We assess the "prejudicial impact of constitutional error in a state-court criminal trial" under the "substantial and injurious effect" standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993). *Fry v. Pliler*, 551 U.S. 112, 122 (2007). The *Brecht* standard requires reversal only

if, but for the error, there is "a reasonable probability" that the jury would have reached a different result. *Clark v. Brown*, 450 F.3d 898, 916 (9th Cir. 2006).

Applying these principles to the instant case, we conclude that James did not suffer prejudice, because the error did not have a substantial and injurious effect on his trial. In short, if the extra malice instruction had not been given, it is not "reasonabl[y] probab[le]" that the jury would have reached a different result. *See Clark*, 450 F.3d at 916. The evidence supported a finding of malice aforethought, which was properly defined in the jury instructions. First, the evidence showed that James acted intentionally when he discharged the gun (the first element of implied malice). James himself never argued that he shot Rodela accidentally; instead, he relied on self defense to justify his actions. To support the second element of implied malice, that the natural consequence of James's act was dangerous to human life, the jury heard evidence that James shot Rodela at close range and that the shots were fatal. Finally, the foregoing evidence supported the final element of implied malice, that the act was deliberately and knowingly performed with a conscious disregard for human life. Because the evidence supports a finding of second-degree murder—namely, that James unlawfully killed Rodela with malice aforethought—and not voluntary manslaughter, there was no prejudice. Moreover, the erroneous instruction did not prevent the jury from

3

finding imperfect self-defense, because the relevant jury instruction, CALJIC No. 8.50, stated that imperfect self-defense negates a finding of "malice," however that term may be defined.

In its 2007 review of the state court's determination, the district court applied the absolute certainty standard, reaching its decision before the Supreme Court's clarification in *Hedgpeth v. Pulido,* 129 S. Ct. 530, 533 (2008)*,* that our circuit's prior "absolute certainty standard . . . [was] plainly inconsistent with *Brecht*." *Id*. Thus, even though the district court applied the absolute certainty standard, its decision to do so was in James's favor, given that it applied a more stringent standard of review than that announced in *Pulido*.

**AFFIRMED**.

4