**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CIRIACO VALENCIA,

                    Petitioner - Appellant,

        v.

D.L. RUNNELS, Warden,

                    Respondent - Appellee.

No. 09-16015

D.C. No. 4:05-cv-04423-PJH

MEMORANDUM<sup>*</sup>

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted January 14, 2013
San Francisco, California

Before: TASHIMA, GRABER, and FISHER, Circuit Judges.

    Petitioner Ciriaco Valencia appeals the district court's denial of habeas

corpus. Reviewing de novo, Jones v. Ryan, 691 F.3d 1093, 1100 (9th Cir. 2012),

we affirm.

---

    <sup>*</sup> This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Even assuming that the jury instruction was erroneous, any error was harmless under Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). See Hedgpeth v. Pulido, 555 U.S. 57, 62 (2008) (per curiam) (holding that the Brecht standard applies to instructional error). We are convinced that the error, if any, did not have a "substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 623 (internal quotation marks omitted). Uncontradicted evidence demonstrated that extensive bruising on the victim's thighs occurred pre-mortem. Accordingly, the jury almost certainly found that direct acts related to the sexual assaults occurred pre-mortem. Moreover, there is no likelihood that the error was prejudicial, because the error permitted an impermissible conviction only under a sequence of events—formation of intent to sexually assault occurring both after the physical assaults and before the death of the victim—that was not supported by the evidence.

Finally, the jury was instructed that it could find the rape and sodomy special circumstances true only if it found that the murder was committed "while the defendant was engaged in the commission or attempted commission" of a rape or sodomy. (Emphasis added.) Because the jury found these special circumstances true, it had to have found that direct acts related to the sexual assaults—the physical assault that resulted in her death—occurred pre-mortem.

**AFFIRMED.**

2