FILED
United States Court of Appeals
Tenth Circuit

June 25, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTUS CORNELIUS ROSEMOND,

Defendant - Appellant.

No. 11-4046
(D.C. No. 2:07-CR-00886-DAK-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BALDOCK**, and **EBEL**, Circuit Judges.
_____

In this direct criminal appeal, which is before us again following the Supreme

Court's remand, Defendant-Appellant Justus Rosemond challenges his conviction for

using, or aiding and abetting the use of, a firearm during a drug-trafficking offense.

The Supreme Court determined that the district court erred in instructing jurors on

the Government's aiding-and-abetting theory. Because Rosemond did not object at

trial to the erroneous part of the instruction, however, he must establish plain error

warranting relief. He has not made that showing. Therefore, having jurisdiction

under 28 U.S.C. § 1291, we AFFIRM his conviction.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

## I. Relevant facts and procedure

Three people in a car—driver Vashti Perez, Defendant Rosemond, and Ronald Joseph—drove to a park to sell one pound of marijuana to two men. Rosemond v. United States, 134 S. Ct. 1240, 1243 (2014). During the transaction, which occurred in the car, one of the would-be purchasers grabbed the marijuana and ran from the car without paying. Id. As both purchasers fled, someone in the car fired several shots at them. Id.

As a result of this incident, the United States charged Rosemond with four offenses, including using and carrying a firearm during a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A).[1] Because it was unclear who actually fired the shots during the failed drug sale, the United States tried Rosemond under alternate

---

[1] Section 924(c)(1)(A) provides in pertinent part the following:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during or in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

theories, alleging that Rosemond was either the actual shooter or that he aided and abetted the actual shooter's use of the firearm during the drug-trafficking offense. Rosemond, 134 S. Ct. at 1243-44. At trial, the district court instructed jurors on both theories and the jury found Rosemond guilty of the § 924(c)(1) offense. Rosemond, 134 S. Ct. at 1243-44. But the verdict form did not require jurors to indicate on which theory they based Rosemond's conviction. Rosemond, 134 S. Ct. at 1244.[2]

## II. The trial court's aiding-and-abetting instruction was erroneous

"A conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one." Hedgpeth v. Pulido, 555 U.S. 57, 58 (2008) (per curiam). In this case, the trial court instructed jurors that, to convict Rosemond of aiding and abetting the actual shooter's

_____

[2] The United States charged Rosemond with four counts: 1) possessing marijuana with the intent to distribute it; 2) using a firearm (a nine millimeter handgun) during the drug-trafficking offense charged in Count 1; 3) being a previously convicted felon knowingly in possession of ammunition (nine millimeter Winchester-Western shell casings); and 4) being an alien unlawfully in the United States knowingly in possession of ammunition (nine millimeter Winchester-Western shell casings). The United States alternatively charged Rosemond with aiding and abetting the first two counts—possessing marijuana with the intent to distribute it and using a firearm during the drug-trafficking offense. The Government did not charge Rosemond with aiding and abetting either the third or fourth (ammunition) counts. The jury convicted Rosemond of all four charged offenses. The verdict form did not require jurors to indicate whether they found Rosemond guilty of committing the substantive drug or firearm offense (Counts 1 and 2) or of aiding and abetting those offenses. As to Count 2, the § 924(c)(1)(A) offense, the jury further found that Rosemond not only used the gun (or aided and abetted the use of the gun), but that he also brandished and discharged it (or aided and abetted the brandishing and discharge of the firearm), increasing his mandatory minimum prison sentence for the § 924(c)(1) offense from five to ten years. See 18 U.S.C. § 924(c)(1)(A). That sentence had to run consecutively to Rosemond's sentence for the other three offenses of conviction. Id. § 924(c)(1)(D)(ii).

3

use of the firearm, jurors had to "find that: (1) [Rosemond] knew his cohort used a firearm in the drug trafficking crime, and (2) [Rosemond] knowingly and actively participated in the drug trafficking crime." (R. v.1 at 73-74.) Rosemond challenged the second part of that instruction, arguing that the court should instruct jurors that they had to find, not that Rosemond knowingly and actively participated in the drug trafficking offense, but instead that he "intentionally took some action to facilitate or encourage the use of the firearm." (Id. at 21.) The Supreme Court rejected Rosemond's argument, concluding that, because a defendant need only aid or abet part of the underlying offense, Rosemond "could assist in § 924(c)'s violation by facilitating either the drug transaction or the firearm use (or of course both)." Rosemond, 134 S. Ct. at 1247.

The problem with the aiding-and-abetting instruction, the Supreme Court held, was with the first part of the instruction, to which Rosemond did not object, directing jurors to consider whether Rosemond "knew his cohort used a firearm in the drug trafficking crime." Id. at 1251. According to the Court, to convict Rosemond under § 924(c)(1)(A), the jury had to find that Rosemond had "advance knowledge of a firearm's presence"; that is, he had to have the intent to facilitate an armed drug-trafficking offense.[3] Id. at 1249. But the first part of the instruction that the district

_____

[3] The Court further explained that even without direct proof that the defendant had knowledge of the firearm before the predicate offense occurred, "if a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such [advance] knowledge." Rosemond, 134 S. Ct. at 1250 n.9. On the other hand, if the jury finds that the defendant did not discover that his accomplice had a gun until the

4

court gave at Rosemond's trial—requiring jurors to find that Rosemond "knew his cohort used a firearm in the drug trafficking crime"—did not make clear that jurors had to find that Rosemond had <u>advance</u> knowledge of his accomplice's gun and chose to participate in the crime anyway. <u>Id.</u> at 1251-52. That part of the instruction, therefore, was wrong. <u>Id.</u> Nonetheless, because both Rosemond and the Government requested that the district court give this part of the instruction, the Supreme Court remanded the case to this court to determine "the appropriate consequence, if any, of the District Court's error." <u>Id.</u> at 1252.

## DISCUSSION

Because Rosemond did not object at trial to the language in the first part of the aiding-and-abetting instruction, the part of the instruction that the Supreme Court found objectionable, we review for plain error.[4] In order to obtain relief under plain-error review, Rosemond "must demonstrate: (1) an error, (2) that is plain, which

---

criminal activity was ongoing and it was "too late for [the defendant] to be reasonably able to act upon" the information, that evidence is insufficient to convict the defendant of aiding and abetting his accomplice's use of a firearm. <u>Id.</u> at 1251.

[4] Rosemond argues that the Government forfeited plain-error review by not calling for it on direct appeal or in opposition to Rosemond's certiorari petition. But in the district court, on direct appeal, and in his certiorari petition, Rosemond challenged only the second part of the instruction, the part to which he objected at trial. There was, then, no reason for the Government to call for plain-error review at that time. Rosemond did not clearly challenge the first part of the instruction—requiring jurors to find that he "knew his cohort used a firearm in the drug trafficking crime"—until the merits brief he filed with the Supreme Court, <u>Rosemond</u>, 2013 WL 4011049, at *12, *14-*15. The Government then called for plain-error review in response to that argument. <u>See Rosemond</u>, 2013 WL 5316701, at *42-51. Thus, the Government did not waive plain-error review.

5

means clear or obvious under current law, and (3) that affects substantial rights. If he satisfies these criteria, this court may exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Powell, 767 F.3d 1026, 1029 (10th Cir. 2014) (internal quotation marks, alterations omitted). The Government concedes that only the third plain-error inquiry—whether plain error affected Rosemond's substantial rights—is at issue here. Plain error affects the defendant's substantial rights if "there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." United States v. Hale, 762 F.3d 1214, 1221 (10th Cir. 2014) (internal quotation marks omitted), cert. denied, 135 S. Ct. 1464 (2015). Rosemond has not made that showing here.

In addition to charging Rosemond with the § 924(c)(1) offense, the Government also charged him with two counts of being a restricted person in possession of ammunition. See 18 U.S.C. § 922(g)(1), (5)(A) The Government did not charge Rosemond with aiding and abetting these ammunition offenses, but only as a principal, and the district court instructed jurors accordingly. When jurors convicted Rosemond of possessing the ammunition, they necessarily found that he was the actual shooter. The only evidence at trial of ammunition was the spent nine millimeter shell casings found in the parking lot where the shots were fired. There was no evidence that anyone but the shooter possessed the firearm that contained the ammunition. Therefore, in convicting Rosemond of possessing the ammunition fired

6

from the gun, jurors had to have found beyond a reasonable doubt that Rosemond fired the gun during the botched drug deal.

Rosemond's arguments to the contrary are unavailing. Rosemond asserts that "the expansive definition of 'possession' in the jury instructions[] likely allowed Rosemond to be convicted of possessing ammunition inside a <u>confederate</u>'s firearm."[5] (Aplt. Supp. Reply Br. at 25 (emphasis added).) But the instructions required jurors to find that Rosemond "knowingly" possessed the ammunition; that is, that he purposely and voluntarily possessed it. (R. v.1 at 78, 83.) Furthermore, although the district court instructed jurors that constructive or joint possession would suffice, the court instructed jurors that to have constructive, rather than actual, possession, jurors still had to find that Rosemond had the ability to exercise authority, dominion, or substantial control over the ammunition. Thus, based on these possession instructions, the jurors, in finding that Rosemond unlawfully possessed the ammunition in the gun, also necessarily found that Rosemond was the shooter. There was no evidence that anyone but the shooter possessed the firearm that contained the ammunition.

Rosemond further contends that a note that the jury sent the trial court during deliberations established that jurors did not find that Rosemond was the actual shooter, but instead convicted him of aiding and abetting the shooter's use of the firearm. The jury's note asked about the verdict form, which directed jurors to

_____

[5] Rosemond also argues that the prosecutor's closing argument further supported this expansive definition of "possession."

answer question three on that form if jurors found Rosemond guilty of using a firearm in furtherance of a drug-trafficking offense. Question three required jurors to specify whether they found that Rosemond "carried," "used," "brandished," or "discharged" the firearm. (The jury's answers to those questions determined the mandatory minimum sentence to which Rosemond would be subject. See 18 U.S.C. § 924(c)(1)(A).) During their deliberations, jurors asked the trial court if they should complete the verdict form's question three if jurors found that Rosemond aided and abetted the § 924(c) offense. The trial court responded that jurors were to complete question three if they found Rosemond guilty of the § 924(c) offense under any theory. Within twenty minutes of receiving that answer, the jury returned its verdict, finding Rosemond guilty of the § 924(c) offense and further finding that the firearm had been used, carried, brandished and discharged. The jury's note, however, is not sufficient to establish that jurors convicted Rosemond of aiding and abetting the § 924(c)(1) offense, rather than finding he was the actual shooter, particularly in light of the jury's finding that Rosemond himself possessed the ammunition in the gun and because the trial court directed jurors to answer question three on the verdict form regardless of which theory jurors based Rosemond's § 924(c)(1) conviction.

In light of the evidence presented at trial, then, the jury, in finding that Rosemond possessed the ammunition in the gun, also must have found that Rosemond was the actual shooter. Rosemond, therefore, cannot show that the error

8

in instructing jurors on the aiding-and-abetting theory affected the outcome of the trial.[6]

## CONCLUSION

For the foregoing reasons, this court AFFIRMS Rosemond's § 924(c) conviction.


Entered for the Court


David M. Ebel
Circuit Judge

---

[6] We probably also could find that Rosemond invited the error in the first part of the aiding-and-abetting instruction, because he requested that the district court give jurors essentially the same language that the Supreme Court later found objectionable. And Rosemond never withdrew his requested language after the district court ruled it was not going to give the second part of Rosemond's requested instruction. Nevertheless, because we conclude that Rosemond has not shown the first part of the instruction was plain error affecting the trial's outcome, we need not further consider whether Rosemond invited that error.