NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENN DARNELL DEAN, | No. 15-15630 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-00323-JCM-GWF |
| v. | |
| DWIGHT NEVEN, Warden and ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted July 8, 2016**
San Francisco, California

Before: SILVERMAN and NGUYEN, Circuit Judges and ANELLO,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Michael M. Anello, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Glenn Dean appeals from the district court's order denying his habeas petition after he was convicted of first degree kidnapping with a deadly weapon, conspiracy to commit kidnapping, and robbery with a deadly weapon. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

1.  The Nevada Supreme Court's decision to deny Dean's insufficient-evidence claim was a reasonable application of the law. Dean's claim rests on assertions that the victim's testimony was unreliable. But it was for the jury, not the federal court on habeas review, to assess the victim's credibility. Because the victim's testimony was sufficient to establish each element of the charged crimes, and a rational trier of fact could have credited that testimony, we uphold the jury's verdict. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

2.  The Nevada Supreme Court reasonably denied Dean's ineffective assistance of counsel claim alleging that his counsel failed to object to the first degree kidnapping jury instructions. Substantial evidence supported Dean's conviction on the theory that he kidnapped the victim with the purpose of killing him. Therefore, he cannot show that the instructions on the robbery theory, even if they were extraneous, "had a substantial or injurious effect or influence in determining the jury's verdict." *Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008).

3. Similarly, the Nevada Supreme Court reasonably denied Dean's ineffective assistance of counsel claim alleging that his counsel failed to object to hearsay testimony. Dean argues that his counsel should have objected to testimony that a tuxedo shop attendant expressed concern about the victim's wounds. But he fails to show any prejudice from this failure to object. There was ample evidence that the victim was bleeding, including testimony from the victim, a police officer who interviewed him, and the mother of the victim's girlfriend. Given this evidence, Dean cannot show a reasonable probability that the hearsay testimony affected the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

4. The Nevada Supreme Court also reasonably denied Dean's claim that the trial court sentenced him based on a misunderstanding of his criminal record. Dean argues that the trial court was misled by a mistake in the presentence report ("PSR") saying that he had six prior incarcerations, when in fact he only had one prior incarceration resulting from concurrent sentences on his prior convictions. Dean fails to show that the PSR was erroneous or, even if it was, that the court relied on that error. *C.f. Townsend v. Burke*, 334 U.S. 736, 741 (1948) (holding that a defendant's due process rights may be violated when he shows that the trial

court's sentence rests "on a foundation [that is] extensively and materially false").

While the PSR said in a summary section that he had six felony convictions and six

incarcerations, it also listed in detail each conviction and sentence, showing that

the sentences were concurrent. Moreover, the record shows that the trial court was

influenced not by the number of discrete terms Dean spent in prison, but rather by

the number of felony convictions on his record. The Nevada Supreme Court's

decision to deny this claim was therefore a reasonable application of the law.

5. We decline to expand the certificate of appealability to consider the

whether the district court erred in concluding that Dean failed to exhaust his

ineffective assistance of counsel claim concerning his trial counsel's failure to

investigate his shoulder injury. When, as here, the district court denies a habeas

petition on procedural grounds, a COA should be issued only if reasonable jurists

would find it debatable both "whether the petition states a valid claim of the denial

of a constitutional right" and "whether the district court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petition does

not state a valid claim of the denial of a constitutional right.

Dean asserts that his trial counsel failed to subpoena medical records

showing that he had a dislocated shoulder at the time of the kidnapping. But Dean

does not adequately demonstrate prejudice from his counsel's performance. The medical records alone would not have refuted the victim's testimony that he racked a gun during the kidnapping. They would have shown only that he had an injury—a fact that corroborates the victim's testimony that he wore an arm sling. Absent other credible evidence that Dean's injuries prevented him from racking a gun—evidence which Dean has not adduced—there is no reasonable probability these medical records would have changed the outcome of the trial.

**AFFIRMED.**