NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-56640 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:16-cv-02569-RSWL |
| | 2:05-cr-00920-RSWL-1 |
| MICHAEL DENNIS WILLIAMS, AKA Baby Treystone, AKA Treystone, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted November 19, 2024
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Michael Williams appeals from the district court's order denying his 28

U.S.C. § 2255 motion challenging his conviction of the use and discharge of a

firearm during a crime of violence causing death in violation of 18 U.S.C.

§ 924(c)(1)(A)(iii), (j)(1). We review a denial of a § 2255 motion de novo, *United*

*States v. Fredman*, 390 F.3d 1153, 1156 (9th Cir. 2004). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

under § 2255, and we affirm.

1. Our opinion issued today in *Johnson v. United States*, ___ F.4th ____, No. 19-5517 (9th Cir. June 3, 2025) controls the outcome of this appeal. Willams was tried alongside co-defendant Antoine Johnson, and the court gave the jury identical instructions for both defendants. Therefore, like Johnson's § 924(c) conviction, Williams' § 924(c) conviction remains lawful because it was based on one of two valid predicate offenses: Hobbs Act robbery or Hobbs Act robbery under a *Pinkerton* theory of liability.[1]

2. In the alternative, even if the jury could have interpreted the district court's instructions to mean that the § 924(c) charge could be predicated on the conspiracy charged in Count One of the indictment, we affirm the district court's order that any such error in the jury instructions would have been harmless. *See United States v. Reed*, 48 F.4th 1082, 1088–89 (9th Cir. 2022) (citing *Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008) (per curiam)). The evidence presented against Williams demonstrated his participation in the robbery, and the robbery itself involved extensive advance planning and coordination, demonstrating the existence of a conspiracy. In Johnson's case, we held that the jury could not have reasonably concluded that Johnson used a firearm in the course of the conspiracy

---

[1] We expand Williams' Certificate of Appealability (Dkt. #3) to include whether Hobbs Act robbery under a *Pinkerton* theory of liability qualifies as a crime of violence. *See Towery v. Schriro*, 641 F.3d 300, 311 (9th Cir. 2010).

but not in the course of the Hobbs Act robbery. Unlike Johnson, no evidence placed Williams at the alleged planning meeting, making it even less likely that the jury could have premised Williams' § 924(c) conviction solely on the Count One conspiracy. *See United States v. Johnson*, 767 F.3d 815, 823–24 (9th Cir. 2014). We agree with the district court that the evidence supporting the Hobbs Act robbery and conspiracy charges was so coextensive and "inextricably intertwined" that no rational juror could have found that Williams carried a firearm in relation to the conspiracy charge and not in relation to the robbery charge. *Reed*, 48 F.4th at 1090.

**AFFIRMED.**