**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2281
_____

UNITED STATES OF AMERICA,
                          Appellant

v.

MELVIN WILLIAMS,

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:94-cr-00196-001)
U.S. District Judge:  Honorable Anita B. Brody
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 11, 2026
_____

Before:  HARDIMAN, SHWARTZ, and MASCOTT, <u>Circuit Judges</u>.

(Filed: May 14, 2026)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

SHWARTZ, Circuit Judge.

The Government appeals the District Court's order granting Melvin Williams's 28 U.S.C. § 2255 motion to vacate his conviction under 18 U.S.C. § 924(c). Applying the applicable legal standard, Willliams is not entitled to this relief so we will reverse and remand.

I

Williams conspired with others to rob drug dealers at gunpoint. On one occasion, he and his co-conspirators saw two FBI special agents approach their car. Williams, who was armed, ordered his co-conspirators to shoot the agents. Both agents were shot and one of the conspirators was killed.

Relevant here, Williams was charged with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One), conspiracy to assault and kill federal agents in the performance of their official duties, in violation of 18 U.S.C. § 371 (Count Two), attempt to kill two federal agents, and aiding and abetting same, in violation of 18 U.S.C. §§ 1114 and 2 (Counts Three and Four), assaulting and resisting two federal agents, and aiding and abetting same, in violation of 18 U.S.C. §§ 111 and 2 (Counts Five and Six), and knowingly using and carrying a firearm during and in relation

to a crime of violence, and aiding and abetting same, in violation of 18 U.S.C. §§ 924(c)[1]

and 2 (Count Eight).

At trial, the District Court instructed the jury that to convict Williams of violating

§ 924(c) it must find that (1) the Government proved beyond a reasonable doubt that

Williams had possession or control of a firearm at the time a crime of violence was

committed, and (2) Counts One through Six were each crimes of violence. The Court

also instructed the jury that:

> [T]o find the defendant guilty of [the § 924(c)] offense, you need not find that the firearm was used and carried during and in relationship to all of the underlying crimes of violence. It is sufficient if you find beyond a reasonable doubt that the defendant knowingly used and carried a firearm during and in relation to any[]one of the underlying crimes of violence. . . . It is sufficient if you find beyond a reasonable doubt that [Williams] knowingly used and carried or aided and abetted or willfully caused the use or carrying of a single firearm listed in the indictment during and in relation to a crime of violence. . . . You must be in [unanimous] agreement as to the firearm in order to find the defendant guilty. And you must be in [unanimous] agreement as to which crime of violence in order to find him guilty.

App. 170-71. Further, the trial court instructed the jury that to convict Williams on

Counts Two through Six it must find that the Government proved beyond a reasonable

---

[1] Section 924(c) defines "crime of violence" as "an offense that is a felony" and "has an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (the elements clause).

3

doubt that Williams gave the command to shoot, which resulted in the co-conspirators shooting the FBI agents.

Williams was convicted on all counts and sentenced to 384 months' imprisonment. The conviction was affirmed. United States v. Williams, 172 F.3d 42 (3d Cir. 1998) (Table).

Relevant here, Williams filed a § 2255 motion after the Supreme Court invalidated § 924(c)'s residual clause in United States v. Davis, 588 U.S. 445, 470 (2019), which was denied. Williams sought reconsideration, arguing that his § 924(c) conviction was based on offenses that were not crimes of violence. The District Court agreed, granted the motion, and vacated Williams's § 924(c) conviction, concluding that (1) the trial court erred by instructing the jury that they could convict Williams of violating § 924(c) using any charged offense, including the conspiracy charges, which are not crimes of violence, and then taking a general verdict that did not specify the crime(s) of violence that supported the § 924(c) conviction,[2] United States v. Williams, No. CR 94-196, 2023 WL 7285141, at *7 (E.D. Pa. Nov. 3, 2023); and (2) there was "more than a 'reasonable possibility' that [this error was] harmful," id. at *11 (stating it was quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).[3] Williams was resentenced to 247 months'

---

[2] "A conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one." Hedgpeth v. Pulido, 555 U.S. 57, 58 (2008) (per curiam).

[3] The District Court indicated it was quoting Brecht, but Brecht itself was quoting the "reasonable possibility" standard of Chapman v. California, 386 U.S. 18, 24 (1967), which, as explained herein, applies on direct appeal but not on collateral review. In fact, Brecht characterized the "reasonable possibility" standard of Chapman as "at odds with the historic meaning of habeas corpus." 507 U.S. at 637.

4

imprisonment.  He was released from federal custody on May 15, 2025, and is currently on supervised release.

The Government appeals.

II[4]

Under § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence if "the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  The petitioner must show (1) an error within the meaning of § 2255(a),[5] and (2) that the error was not harmless.  United States v. Bentley, 49 F.4th 275, 283 (3d Cir. 2022); United States v. Davies, 394 F.3d 182, 189 (3d Cir. 2005).

For § 2255 purposes, an error is not harmless "only if the error caused 'actual prejudice.'"  Bentley, 49 F.4th at 283 (quoting Brecht, 507 U.S. at 631, 637).[6]  To prove "'actual prejudice,' a petitioner must show that the error 'had [a] substantial and injurious effect or influence in determining' the relevant outcome."  Lacombe v. Warden James T. Vaughn Corr. Ctr., 95 F.4th 127, 135 (3d Cir.) (alteration in original) (quoting Brecht,

---

[4] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 2255.  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).  "This appeal raises purely legal issues, which we review de novo."  United States v. Peppers, 899 F.3d 211, 220 (3d Cir. 2018); accord United States v. Davies, 394 F.3d 182, 188 (3d Cir. 2005).

[5] Such errors include "[1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

[6] Although Brecht arose in the context of federal habeas review of state criminal convictions, we have held that "Brecht's standard governs section 2255 motions."  Bentley, 49 F.4th at 289 n.9.

507 U.S. at 637), cert. denied sub nom. Lacombe v. Emig, 145 S. Ct. 333 (2024). "Absent that showing, we will not remedy a claim of trial error on collateral review." Id.

As the parties agree, the conspiracies charged in Counts One and Two are not crimes of violence, and thus the jury was improperly instructed that they were. We must therefore determine whether that error was harmless as defined in Brecht.

As an initial matter, we note that the District Court assessed harmlessness under the wrong standard. The Court cited Brecht when it concluded that "[t]he trial court's error in instructing the jury that the § 924(c) conviction could rest on now-invalid predicates was not harmless," Williams, 2023 WL 7285141, at *3 (citing Brecht, 507 U.S. at 623), but it applied the harmlessness standard applicable in the direct appeal context, see United States v. Wilson, 960 F.3d 136, 151 (3d Cir. 2020). More specifically, it stated that "[t]here is more than a 'reasonable possibility' that the jury convict[ed] Williams based . . . solely on an invalid predicate." Williams, 2023 WL 7285141, at *3 (quoting Wilson, 960 F.3d at 151). Brecht disavowed applying the reasonable-possibility standard—used to assess harmlessness on direct appeal—in the habeas context. 507 U.S. at 637-38 (holding that "granting habeas relief merely because there is a 'reasonable possibility' that trial error contributed to the verdict" is inappropriate on collateral review, where the actual-prejudice standard is "better tailored to the nature and purpose of collateral review and more likely to promote the considerations underlying . . . habeas cases," such as finality (quoting Chapman v. California, 386 U.S. 18, 24 (1967))); see also Freeman v. Superintendent Fayette SCI, 62 F.4th 789, 802 (3d Cir. 2023) (stating "in a habeas proceeding . . . , the defendant must

6

prove substantial and injurious effect or influence on the outcome.").

Applying Brecht,[7] Williams has not met his burden to show that the error "had [a] substantial and injurious effect or influence in determining the relevant outcome." Lacombe, 95 F.4th at 135 (internal quotation marks omitted). Although the conspiracy counts could not serve as predicates for the § 924(c) violation, the jury was nevertheless required to make certain findings to return its verdict on the substantive crimes. The jury was instructed that to find Williams guilty on Counts Two through Six, it must conclude beyond a reasonable doubt that Williams "gave the command to shoot and it was that command which resulted . . . in the conduct of [his co-conspirator]," who shot at the agents. App. 180. Accordingly, although the jury rendered a general verdict that did not specify the crime(s) of violence underlying the § 924(c) conviction, the jury's § 924(c) verdict necessarily included a finding that Williams ordered his conspirators to shoot the agents, and this provided a basis to find that he aided and abetted or caused the offenses in Counts Three through Six, and thus committed crimes of violence. Hence, Willaims has not shown that the trial court's erroneous instruction that the conspiracy charges were crimes of violence "ha[d] a substantial and injurious effect or influence in determining" the relevant outcome in this case.[8] Lacombe, 95 F.4th at 135. Accordingly, the District

---

[7] We will not remand for the District Court to apply Brecht in the first instance because we can resolve this pure legal question and evaluate whether he can prevail under either Chapman or Brecht.

[8] Wilson involved a direct appeal, but its observations support our conclusion. In Wilson, we rejected the argument that the District Court erred by instructing the jury that conspiracy was a crime of violence. 960 F.3d at 151. There, "[t]he District Court instructed the jury that either conspiracy or armed bank robbery would count as a predicate crime for a § 924(c) conviction, as long as the jury found that the defendants

Court erred by granting his § 2255 petition and vacating his § 924(c) conviction.

III

For the foregoing reasons, we will reverse the District Court's order vacating Williams's § 924(c) conviction, and remand for further proceedings consistent with this opinion.

---

had used or carried the gun to further the crime," and so we could "tell from the verdict form, as well as from the evidence presented at trial, that there is no reasonable possibility that the jury based its § 924(c) convictions only on the conspiracy as opposed to the bank-robbery counts," so "any error was harmless." Id. (emphases and internal quotation marks omitted). Likewise, here, we can tell from the jury instructions that the jury did not base its § 924(c) conviction on only the conspiracy counts, given that to convict on Counts Three through Six, the jury needed to conclude that Williams ordered the shooting. Accordingly, it does not matter that the verdict form did not require the jury to specify which crime(s) of violence supported the § 924(c) conviction. The fact that we concluded a similar error was harmless under the reasonable-possibility standard in Wilson supports our conclusion that it is harmless under Brecht's higher actual-prejudice standard.