**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6291**

UNITED STATES OF AMERICA,

Plaintiff – Appellant,

v.

JOHN FRANKLIN,

Defendant – Appellee.

**No. 17-4135**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOHN FRANKLIN,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:11-cr-00095-MJG-1; 1:14-cv-03953-MJG)

Argued: December 7, 2017                              Decided: January 22, 2018

Amended: February 7, 2018

Before GREGORY, Chief Judge, KEENAN, and FLOYD, Circuit Judges.

Remanded by unpublished per curiam opinion.

**ARGUED:** John Walter Sippel, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellant. Mary Elizabeth Davis, DAVIS & DAVIS, Washington, D.C., for Appellee. **ON BRIEF:** Stephen M. Schenning, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury found John Franklin guilty of numerous charges arising from his participation in two armed carjackings. Due in large part to lengthy mandatory minimums, Franklin received a 414-month sentence. In his motion pursuant to 28 U.S.C. § 2255, Franklin argued that a flawed jury instruction required him to be resentenced. The district court granted Franklin's motion in part and resentenced him to 246 months. In reaching its conclusion, the district court applied an incorrect legal standard. We remand this case for further proceedings consistent with this opinion.

In this case, Franklin was prosecuted under two theories of guilt: aiding and abetting[1] and *Pinkerton* liability.[2] The jury verdict did not reveal whether Franklin's convictions were based on the aiding and abetting instruction or *Pinkerton* liability. The aiding and abetting instruction given to the jury is now invalid. *See Rosemond v. United States*, 134 S. Ct. 1240, 1243 (2014).

"If the jury was instructed on alternative theories of guilt and may have relied on an invalid one," courts review for harmless error and determine whether the instructional flaw "had a substantial and injurious effect or influence in determining the jury's

---

[1] Whoever aids and abets the commission of a federal offense is punishable as a principal. *See* 18 U.S.C. § 2.

[2] *Pinkerton* liability, set forth in *Pinkerton v. United States*, 328 U.S. 640, 647 (1946), "makes a person liable for substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy." *United States v. Ashley*, 606 F.3d 135, 142–43 (4th Cir. 2010).

verdict." *Hedgpeth v. Pulido*, 555 U.S. 57, 58–59 (2008) (per curiam) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

In reviewing Franklin's convictions under *Pinkerton* liability, the district court incorrectly applied plain-error review. Because the jury received instructions on two alternative theories of liability, harmless-error review was proper. We express no view on whether Franklin is entitled to habeas relief, but rather remand to the district court for a proper application of *Brecht* in the first instance.[3] *See Hedgpeth*, 555 U.S. at 30.

*REMANDED*

---

[3] Franklin also appeals the new sentence imposed by the district court, arguing that it violated the Double Jeopardy Clause of the Fifth Amendment. But because Franklin's entitlement to resentencing will be reexamined on remand, we need not decide his sentencing argument. *See United States v. Rodriguez*, 433 F.3d 411, 416 n.8 (4th Cir. 2006) (declining to decide defendant's constitutional challenge to his sentence because the Court vacated and reversed the sentence).