# WESTMORELAND COUNTY.

## June Term, 1792.

### PENNSYLVANIA *v.* ROBERT M'KEE.

*R*OBERT M'KEE being sued by *David Semple*, before a justice of the peace, for a balance of about thirty shillings, set up a defence, that the debt was contingent, and that the contingency had not happened — The justice gave judgment against him, and *Semple* dying, *M'Kee* went to the justice and produced a receipt in full, which he said was given him by *Semple*, and had been discovered by him since the judgment. The receipt had been originally given by *Semple* for a debt paid to him as administrator of *Samuel Miller*. But there was now an interlineation, in different ink, and smaller letters, immediately above the name of *David Semple*, as follows, " and one pound ten shillings in full of my demand against *Robert M'Kee*." The original receipt and the interlineation were in the hand writing of *M'Kee*; but it was the interlineation only that was charged as a forgery.

There were three counts in the indictment. All stated the particular circumstances. The first was on the act of assembly; the 2d was at common law, for forging

D

this receipt; and the 3d was at common law, for utter-
ing this receipt knowing it to be forged. The fub-
fcribing witnefs proved, that the interlineation was not
in the receipt, when it was figned; and it was alfo
proved, that the receipt being detained as fufpicious, by
the juftice to whom it was offered as evidence of pay-
ment, *M'Kee* had paid the balance to the adminiftrators
of *Semple.*

　　*Brackenridge*, *Rofs*, and *Young*, for the defendant.—
The *Britifh* ftatutes againft forgery extend not here. It
is not forgery at common law, for it is not a deed, nor
is it forgery by our act of affembly. It is no falfe com-
pofition, but a real receipt. Comparifon of hands is no
evidence in criminal cafes, and the proof here is only by
comparifon of hands. *Sidney's* cafe.

　　The cafe of the *King v. Ward*, was out of the com-
mon way, a fevere proceeding on the interpofition of
the houfe of lords, to avenge one of their own body; and
the doctrine there laid down changes the whole law
on the fubject, and is not fupported by any authority.

　　*Galbraith* and *Nagle* contended, that it was a forgery
at common law, and on our act of affembly, citing the
*King v. Ward*—and other authorities.

　　PRESIDENT. Though the firft count purfues not the
words of the act of affembly, yet if it ftate facts, which,
in legal conftruction, amount to counterfeiting the hand
and feal of another; why fhould it not be a good indict-
ment on the act of affembly? Such facts are here ftated.
This however may be queftionable.

　　But there is no doubt, that the fecond count at com-
mon law fully comprehends this cafe; and that the for-
gery of *any writing*, which may be prejudicial to another,
is forgery at common law. The cafe of the *King v.
Ward* is well founded, both on authority and principle;
and we rely on it, as conclufive in the prefent cafe.—
The third count is alfo at common law, for uttering
this receipt, knowing it to be forged, and is good, if the
facts are proved.

　　As to the evidence; where the matter is *doubtful*, it
is a good rule, to incline to acquittal. But prefumptive
evidence, however decried or dangerous, is often deci-
five, and as convincing to the mind, as the moft pofitive
teftimony. It is the language of facts. And, to reject

*Woods Inft.*
428.
1 *St. L.* 5.

4 *Comm.* 358.

2 *Ld. Ray.*
1461.

2 *Ld. Ray.*
1461. 2 *Bac.
abr.* 569.
1 *St. L.* 5.

1 *St. L.* 5, 64.

2 *Hawk.* 354.

2 *Ld. Ray,*
1461.

it, would, in cafes of private villainy, fuch as this in- 1792. dictment ftates, hold out a general charter of pardon. Comparifon of hands, or proof by witneffes acquainted 4 *Comm* 358. with the hand writing, is proper proof to be left to a *Gilb. L. of Evid.* 53. jury, efpecially where, as in the prefent cafe, the writing 2 *Hawk* 607. is found in the poffeffion of the party. Whether the *Ld. Ray* 40. prefumption arifing from fuch proof will outweigh 2 *Bac. Abr.* 313. 1 *Burr.* the common prefumption of innocence, and produce 644. conviction, may depend on the concurrent circumftances, and their impreffion on the minds of the jury.

We think the proof ftrong againft the defendant, and fufficient, if you believe it, to juftify you in convicting him of forging this receipt, and uttering it, knowing it to be forged.

Verdict not guilty, on the 1ft count; and guilty, on the 2d and 3d counts.

At *December* term, 1792, a motion in arreft of judgment was argued, on the following grounds, by the defendant's counfel.

The jury having acquitted *Robert M'Kee*, on the firft count, we have only to examine whether any judgment can be given on the fecond or the third. The third count will require little attention. The bill was found, at *March* feffions, 1792, and tried at *June* feffions, on the 14th of *June*, 1792, and the third count lays the publication on the 27th *June*, 1792, which is about two weeks after the trial, and three months after the finding of the indictment. The offence laid in the third count 2 *Hawk.* 325, being thus impoffible, it remains only to confider, whe- 326. ther judgment can be given on the fecond count.

The fecond count charges *Robert M'Kee*, " that he, on 19 *November* 1790, having in his poffeffion a certain receipt in writing, figned by one *David Semple* (lately deceafed) which receipt was in the words, letters, figures, and cyphers, following, that is to fay, *Received* 19 *November* 1790, *the fum of* 4*l.* 10*s. in part of a debt due to the eftate of Captain Samuel Miller, deceafed, for a millfaw—David Semple,* he, the faid *Robert M'Kee,* afterwards, that is to fay, on the faid 19th day of *November,* in the year of our *Lord* 1790, with force and arms, at the townfhip aforefaid, in the county aforefaid, the faid receipt falfely did alter, and caufe to be altered, by falfely

*D 2*

forging and adding the cyphers, words, and letters, *and*
*one pound ten shillings in full of my demand against Ro-*
*bert M'Kee*, with intention to defraud the forefaid *David*
*Semple* (deceafed) of the fum of *one pound ten shillings*
againft the peace, &c."

We think judgment cannot be given on this count.

1. The indictment muft ftate an offence, with fuffi-
cient certainty, without any explanatory matter *dehors*
the record, and fo, as, if proved, no prefumption of in-
nocence can remain. Now this count ftates not, in
what part of the receipt the inferted words were inferted,
but only that the words were inferted on the fame pa-
per. They might have been below the name of *David*
*Semple*, and fo it would not have been his receipt, and
he could not have been defrauded. So alfo it might
have been on the back of the paper.

2. This count ftates not what *the words and cyphers*
*inferted* were ; and the court is not now to know, in
what manner they were proved ; but to judge only
from the record, and it afcertains not what words were
added.

As the court will make no intendment to criminate
the defendant, nor aid the indictment, by the evidence,
we move, that the judgment be arrefted. And we would
fuggeft, that there was at the trial ground to believe,
and we can now prove, that the fum expreffed in the
receipt was really paid ; that, at any rate, the offence is
trivial, and the defendant has been fufficiently punifhed,
by the anxiety, expence, and trouble, which he has un-
dergone.

This cafe was mentioned again, and the opinion of
the court given, at *June* term, 1793.

PRESIDENT. As the moft natural prefumption to be
drawn from the face of this indictment is, that the words
conftituting the forgery were added after the name of
*David Semple* ; and, if this were the cafe, the fraud, if
any, would have been fo palpable, that no man could be
deceived by it ; the judgment muft be arrefted, on the
fecond count.

It clearly muft be arrefted on the third count, the
time laid in the indictment being contradictory to the
caption and the trial.