21-1536
*Mendez v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-two.

PRESENT:     AMALYA L. KEARSE,
             DENNIS JACOBS,
             WILLIAM J. NARDINI,
                    *Circuit Judges.*
_____

JESUS MENDEZ,

         *Petitioner-Appellant*,

    v.                                                          21-1536

UNITED STATES OF AMERICA,

         *Respondent-Appellee.**
_____

---

* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

For Petitioner-Appellant:        Yuanchung Lee, Of Counsel, Federal Defenders of New York, Inc., New York, NY

For Respondent-Appellee:        Andrew Thomas, Alexandra N. Rothman, and Danielle R. Sassoon, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge*, by designation) entered on June 3, 2021.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered by the district court on June 3, 2021, is **AFFIRMED**.

Petitioner-Appellant Jesus Mendez appeals from a judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge*, by designation) entered on June 3, 2021, denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

On December 3, 1996, a twenty-six-count superseding indictment was filed against Mendez and Ricardo Morales based on their participation in the "Park Avenue Boys," a violent group that operated primarily in the Bronx. As redacted for trial, the indictment contained twenty-one counts.

Trial commenced on April 7, 1997. On May 1, 1997, a jury returned guilty verdicts against Mendez on seventeen of the counts contained in the redacted superseding indictment (the "Indictment"). As relevant here, these included: racketeering, in violation of 18 U.S.C. § 1962(c) (Count One); racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count Two); conspiracy to commit robbery in violation of 18 U.S.C. § 1951, the Hobbs Act (Count Five); substantive

2

Hobbs Act robbery (Count Six); conspiracy to commit Hobbs Act robbery (Count Seven); substantive Hobbs Act robbery (Count Eight); using and carrying a firearm during a crime of violence, that is, the conspiracy to rob and robbery charged in Counts Five and Six, in violation of 18 U.S.C. § 924(c) (Count Thirteen); and using and carrying a firearm during a crime of violence, that is, the conspiracy to rob and robbery charged in Counts Seven and Eight, in violation of § 924(c) (Count Fourteen).[1]

Counts Five and Six concern the robbery of the Franklin Grocery, located at 1721 East 174th Street in the Bronx, in January 1996. Counts Seven and Eight concern the robbery of an individual named Bryan Wilson at 34½ West 183rd Street in the Bronx in February 1996. Count Thirteen is based on Mendez's use of a gun during the "conspiracy to rob and robbery of" the Franklin Grocery (Counts Five and Six, respectively). App'x 37. Count Fourteen is based on the use of a gun during the "conspiracy to rob and robbery of" Bryan Wilson (Counts Seven and Eight, respectively). *Id.* at 37–38.[2]

The district court sentenced Mendez principally to a term of life imprisonment plus 125 years. *United States v. Morales*, 185 F.3d 74, 80 (2d Cir. 1999). On July 26, 1999, we reversed Mendez's racketeering convictions and the convictions that were dependent on the racketeering convictions on direct appeal. *Id.* at 85. We affirmed Mendez's convictions on all other counts (including Counts Five through Eight, Thirteen, and Fourteen). *Id.* at 82, 85. On remand, the

---

[1] The count numbers in this order refer to the redacted, twenty-one-count superseding indictment submitted to the jury at trial, as opposed to the original twenty-six-count superseding indictment filed on December 3, 1996.

[2] Count Fourteen cross-references Counts Seven, Eight *and Nine* of the Indictment. However, we reversed the conviction on Count Nine—which charged Mendez with violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959—in the July 26, 1999, opinion discussed *infra*.

district court resentenced Mendez principally to 110 years of imprisonment. We affirmed the modified judgment. *United States v. Diaz*, 25 F. App'x 27, 31 (2d Cir. 2001). On May 1, 2003, the district court denied Mendez's first motion under 28 U.S.C. § 2255, which alleged ineffective assistance of counsel. *Mendez v. United States*, No. 02 CIV. 10265 (DC), 2003 WL 2006603, at *1 (S.D.N.Y. May 1, 2003).

On June 24, 2019, the Supreme Court held in *United States v. Davis* that 18 U.S.C. § 924(c)(3)(B), the residual clause of the provision defining an offense as a predicate crime of violence under § 924(c), was unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019). Following that decision, we ruled in *United States v. Barrett* that conspiracy to commit Hobbs Act robbery was no longer a valid § 924(c) predicate, because it could not qualify as a crime of violence absent the residual clause. 937 F.3d 126, 127–28 (2d Cir. 2019). Nonetheless, we have held that Hobbs Act robbery itself remains a valid predicate crime of violence for convictions under § 924(c). *United States v. Hill*, 890 F.3d 51, 53 (2d Cir. 2018). On May 12, 2020, this Court granted Mendez's motion for leave to file a second or successive petition, pursuant to 28 U.S.C. § 2255, to challenge his convictions under § 924(c). On June 3, 2021, the district court entered an order denying Mendez's second § 2255 motion, but it granted Mendez a certificate of appealability on July 13, 2021. Mendez is currently serving his sentence.

Mendez now requests that we (1) vacate his convictions on Counts Thirteen and Fourteen and the accompanying portions of his sentence, and (2) remand for resentencing on the remaining counts. Mendez emphasizes that the district court erroneously instructed the jury during trial that both (1) conspiracy to commit Hobbs Act robbery (no longer a constitutionally valid predicate

4

crime of violence under *Davis* and *Barrett*) and (2) substantive Hobbs Act robbery were predicate crimes of violence for the purposes of § 924(c). The district court accordingly instructed the jury that it could not return a guilty verdict on the § 924(c) counts "unless you find the defendant you are considering guilty of committing or aiding and abetting the corresponding underlying offense that is referred to in each firearms count." App'x 48. During deliberations, one jury note included the question: "As it relates to [Count Sixteen, which involved predicate racketeering acts that had not been charged as separate counts,] . . . is the using . . . or carrying firearm in relation to conspiracy to rob *and* robbery or is it conspiracy to rob *or* robbery? Please distinguish whether it should be 'and' or 'or.'" Gov't Add. 33 (emphases added). In response, the district court instructed the jury that "it should be 'or.' You need not find both. You need only find one or the other." App'x 53.

Moreover, the special verdict form did not ask the jury to identify the predicate crime(s) of violence that provided the basis for convicting Mendez of Counts Thirteen and Fourteen under § 924(c). Instead, it asked the jury to check "guilty" or "not guilty" for each count. The form described Count Thirteen as "[u]sing and carrying firearm in relation to conspiracy to rob and robbery of [the Franklin Grocery]," and Count Fourteen as "[u]sing and carrying firearm in relation to conspiracy to rob and robbery of [Bryan Wilson]." App'x 62.

The government does not dispute that the district court erred by instructing the jury that both conspiracy to commit Hobbs Act robbery and substantive Hobbs Act robbery were crimes of violence, and that, therefore, the jury could rely on the conspiracy *or* the substantive robbery count to find Mendez guilty of Counts Thirteen and Fourteen. However, the parties disagree about

5

whether Mendez was harmed by the district court's incorrect instructions. Mendez claims that it is impossible to tell whether the jury relied on the invalid Hobbs Act conspiracy predicate rather than the valid Hobbs Act robbery predicate in convicting him of Counts Thirteen and Fourteen, and he has therefore suffered prejudice. We disagree, and thus affirm the judgment of the district court. We assume the parties' familiarity with the case.

"The Supreme Court has held that '[a] conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one.'" *Stone v. United States*, 37 F.4th 825, 829 (2d Cir. 2022) (alteration in original) (quoting *Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008)). The district court's jury instructions in this case constituted a so-called "*Yates* error." *See id.* (citing *Yates v. United States*, 354 U.S. 298, 312 (1957) (holding that there is constitutional error when two different theories are submitted to a jury that returns a general verdict of guilty and at least one of the theories was legally insufficient)). "However, the [Supreme] Court has also held that 'habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice.'" *Id.* (quoting *Davis v. Ayala*, 576 U.S. 257, 267 (2015)). Moreover:

> [I]n the context of a § 924(c) conviction, where a jury's finding of guilt is based on two predicates, only one of which can lawfully sustain guilt, we will find the error harmless when the jury would have found the essential elements of guilt on the alternative charged predicate that would sustain a lawful conviction beyond a reasonable doubt.

*Id.* at 831 (internal quotations marks omitted).

Therefore, the crucial question is whether Mendez was prejudiced by the district court's *Yates* error. This error was harmless if the jury would have convicted Mendez on Counts Thirteen

6

and Fourteen even if the only predicate had been substantive Hobbs Act robbery. To determine whether a properly instructed jury would have convicted Mendez despite the *Yates* error, we must "review the whole record." *Id.* As noted *supra*, Count Thirteen is based on Mendez's use of a gun during the Hobbs Act conspiracy to rob the Franklin Grocery (Count Five) and Hobbs Act robbery of the Franklin Grocery (Count Six). Following *Davis* and *Barrett*, only Count Six remains a valid § 924(c) predicate for convicting Mendez of Count Thirteen. Similarly, Count Fourteen is based on Mendez's use of a gun during the Hobbs Act conspiracy to rob Bryan Wilson (Count Seven) and Hobbs Act robbery of Bryan Wilson (Count Eight). Following *Davis* and *Barrett*, only Count Eight remains a valid § 924(c) predicate for convicting Mendez of Count Fourteen.

Here, the jury's guilty verdicts, the language of the Indictment, and the evidence at trial confirm that a properly instructed jury would have convicted Mendez of Counts Thirteen and Fourteen. To start, the jury found Mendez guilty of Count Six (substantive Hobbs Act robbery of the Franklin Grocery) and Count Eight (substantive Hobbs Act robbery of Bryan Wilson). The jury also found that the government proved Racketeering Acts Five and Six of Count One. The jury's special verdict form specified that the jury had found proven the substantive robbery of the Franklin Grocery charged in Racketeering Act Five as well as the substantive robbery of Bryan Wilson charged in Racketeering Act Six. We are therefore confident that, had the jury been properly instructed that the only valid predicates for convicting Mendez of Counts Thirteen and Fourteen were Counts Six and Eight, respectively, it would still have convicted Mendez of Counts Thirteen and Fourteen. This conclusion is underscored by the language of the Indictment, which describes Counts Six and Eight as "robbery at gunpoint," App'x 32, 33, and by the court's

7

instructions to the jury that those Counts charged Mendez with "robbery at gunpoint," App'x 43, 44. That the jury found Mendez guilty of robbing the Franklin Grocery and Bryan Wilson at gunpoint supports convicting Mendez of using and carrying a firearm during these crimes in violation of § 924(c).

The evidence at trial further reinforces the conclusion that the jury would have convicted Mendez of Counts Thirteen and Fourteen if it had been properly instructed. Specifically, with respect to Count Six, Franklin Vargas, the owner of the Franklin Grocery, testified before the jury that Mendez held a gun to his chest and threatened to kill Vargas if he did not give him money, which Vargas then did. With respect to Count Eight, there was evidence that Mendez shot Bryan Wilson in the side and took $800 from his pocket. This evidence provides a strong factual basis for the jury's convictions of Count Six and Count Eight. This evidence, coupled with the jury's actual convictions on these counts, establishes that the district court's *Yates* error was harmless and does not warrant the relief Mendez seeks.

Given our ruling on the merits of Mendez's § 2255 claims, we need not address whether the government waived its argument that Mendez procedurally defaulted his claims by failing to raise them on direct appeal in 2001. This is because, regardless of whether Mendez's § 2255 claims are procedurally barred, Mendez's convictions on Counts Thirteen and Fourteen stand. If Mendez's claims are *not* procedurally barred, they fail on the merits for the reasons previously discussed. If Mendez's claims *are* procedurally barred, we would then evaluate whether the "cause and prejudice" exception to procedural default applies. *See, e.g., Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it

on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." (internal quotation marks and citations omitted)).  Here, because Mendez cannot demonstrate actual prejudice (and because he does not argue that he is actually innocent), his claims would fall outside this exception, and they would therefore be procedurally barred.

In sum, because Mendez was not prejudiced by the district court's instructional error, his § 2255 challenge fails whether or not it was procedurally defaulted.  He is therefore not entitled to vacatur of his § 924(c) convictions or resentencing on his remaining counts of conviction.

\* \* \*

We have considered Mendez's remaining arguments and conclude that they are not persuasive.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

9