NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREG TAKUNG CHAO,

        Petitioner-Appellant,

  v.

D. W. NEVEN; ATTORNEY GENERAL
FOR THE STATE OF NEVADA,

        Respondents-Appellees.

No.   21-16803

D.C. No.
2:14-cv-02039-GMN-EJY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted December 8, 2022
San Francisco, California

Before:  GRABER and WATFORD, Circuit Judges, and BATAILLON,[**] District
Judge.
Dissent by Judge BATAILLON.

    A Nevada jury convicted Petitioner Greg Chao of robbery with the use of a

deadly weapon and first-degree murder with the use of a deadly weapon.  The

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

prosecution presented two theories of first-degree murder: premeditated murder and felony murder predicated on robbery. The state trial court failed to instruct the jury that, under Nevada law, "afterthought robbery" cannot serve as a valid predicate offense to felony murder. That was reversible error, but the Nevada Supreme Court held that the instructional error was harmless because a rational jury, if properly instructed, would have found Petitioner guilty of willful, premeditated, and deliberate murder.

The district court denied Petitioner's habeas petition, and Petitioner timely seeks our review. Our standard of review is highly deferential. Petitioner must show that the flaw in the instructions had a "substantial and injurious effect" on the jury's verdict, Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (citation and internal quotation marks omitted), and that the state court's decision meets the standard established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Brown v. Davenport, 142 S. Ct. 1510, 1520 (2022). We affirm.[1]

1. Petitioner first argues that the Nevada Supreme Court applied an incorrect standard of review by asking only whether sufficient evidence supported the murder conviction. We disagree with Petitioner's reading of the opinion. The

_____

[1] We decline to expand the certificate of appealability to include the question whether the trial court violated Petitioner's Fifth Amendment right not to incriminate himself when it admitted statements made by Petitioner during his Canadian extradition proceedings.

2

Nevada Supreme Court reviewed whether the instructional error was "harmless beyond a reasonable doubt," citing its earlier opinion in Cortinas v. State, 195 P.3d 315, 324 (Nev. 2008). Chao v. State, No. 50336, 2010 WL 3270900, at *4 (Nev. June 23, 2010); see also Cortinas v. Nevada, 859 F. App'x 159, 160 (9th Cir. 2021) (unpublished), cert. denied, 142 S. Ct. 799 (2022) (holding that the Nevada Supreme Court applied the correct harmlessness standard to the same instructional error as in this case).

In Cortinas and, by incorporation, here, the Nevada Supreme Court properly relied on Chapman v. California, 386 U.S. 18 (1967), and Neder v. United States, 527 U.S. 1 (1999), for the harmlessness standard on direct review. See Hedgpeth v. Pulido, 555 U.S. 57, 60–61 (2008) (per curiam) (holding that when a jury is instructed on multiple theories of guilt, one of which is improper, courts should conduct the same harmless-error analysis that applies to other forms of instructional error). Accordingly, the decision in the present case is not "contrary to" Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

2. Petitioner also argues that the Nevada Supreme Court's decision involved an "unreasonable application" of the law, id., or an "unreasonable determination of the facts," id. § 2254(d)(2), because a properly instructed jury would not have found Petitioner guilty of willful, deliberate, and premeditated murder. "The question under AEDPA is not whether a federal court believes the state court's

determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007). In other words, if "'fairminded jurists could disagree' on the correctness of the state court's decision," the AEDPA standard is not met. Harrington v. Richter, 562 U.S. 86, 101 (2011) (citation omitted). Under that strict standard of review, we hold that the Nevada Supreme Court was not unreasonable to conclude that the instructional error was harmless beyond a reasonable doubt.

Under Nevada law, "[w]illfulness is the intent to kill"; deliberation may be brief so long as the defendant does not act on a "mere unconsidered and rash impulse"; and premeditation is "a determination to kill[] distinctly formed in the mind," but it "may be as instantaneous as successive thoughts." Byford v. State, 994 P.2d 700, 714 (Nev. 2000). Circumstantial evidence may support findings of both deliberation and premeditation. Leonard v. State, 17 P.3d 397, 411 (Nev. 2001).

The Nevada Supreme Court permissibly ruled that a properly instructed jury would have found all those elements. Petitioner bludgeoned the victim in the head at least a dozen times with enormous force, causing many horrific injuries. The number and intensity of the blows suggests that Petitioner acted with willfulness, premeditation, and deliberation. See DePasquale v. State, 803 P.2d 218, 221 (Nev. 1990) (per curiam) (holding that the nature and extent of the victim's injuries,

4

along with repeated blows, sufficed to prove willfulness, premeditation, and deliberation under Nevada law). Unlike in <u>Chambers v. McDaniel</u>, 549 F.3d 1191 (9th Cir. 2008), there is no evidence to support a rational jury's finding that Petitioner failed to form the requisite state of mind due to intoxication or that the murder was committed "in the throes of a heated argument" between the killer and the victim. 549 F.3d at 1201.

**AFFIRMED.**



Chao v. Neven, No. 21-16803

BATAILLON, District Judge, dissenting:

I respectfully dissent. The Antiterrorism and Effective Death Penalty Act of 1996 undoubtedly imposes a high bar for *habeas corpus* relief. Reasonable decisions, or at least those about which "fairminded jurists could disagree," must stand. *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). But this jurist finds the Nevada Supreme Court's majority opinion unreasonable and contrary to clearly established federal law.

The prosecution asserts that Greg Chao beat a man to death on the 18th floor of the Imperial Palace, Las Vegas, and left the body propped against the door to the fire escape. Following a first hung jury, a second convicted Mr. Chao of robbery and first-degree murder. The general murder verdict comprised any—and forever unknown—combination of votes on the underlying theories, either classic willful, premeditated, and deliberate or felony murder. And the felony murder instruction encompassed (over Mr. Chao's objection) post-mortem robbery as predicate, a theory Nevada law rejects. *Nay v. State*, 167 P.3d 430, 435 (Nev. 2007).

Presented with a verdict of compromised unanimity, and therefore validity, *Stromberg v. People of State of Cal.*, 283 U.S. 359 (1931), the Nevada Supreme Court may nonetheless have found the error harmless, *Hedgpeth v. Pulido*, 555 U.S. 57 (2008), "beyond a reasonable doubt," *Davis v. Ayala*, 576 U.S. 257, 267 (2015);

1

*Chapman v. California*, 386 U.S. 18 (1967). However, the Sixth Amendment's guarantee that a *jury,* not a court, determine each and every element of an offense curbs that review. *Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000); *Sullivan v. Louisiana*, 508 U.S. 275, 279–80 (1993). Thus, a court's determination of an element not decided by the jury requires an "uncontested" record of "overwhelming evidence"—under the careful admonition that "[i]f, at the end of that examination, the court cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error—*for example*, *where the defendant contested* the omitted element and *raised evidence* sufficient to support a contrary finding—it should not find the error harmless." *Neder v. United States*, 527 U.S. 1, 16–17, 19 (1999) (emphasis added).

Here, the Nevada Supreme Court found that "there [was] *sufficient evidence*"—*not* overwhelming and uncontested—"to indicate that a rational jury, if properly instructed, would have found [Mr.] Chao guilty of willful, premeditated, and deliberate murder." The majority, with reference to earlier Nevada decisions, *Cortinas v. State,* 195 P.3d 315, 324 (Nev. 2008), and similarly non-binding decisions of this Court, *Cortinas v. Nevada*, 859 F. App'x 159, 160 (9th Cir. 2021), finds this conclusion satisfactory.

By resting on "sufficient" evidence to supply the requisite elements of willful, premeditated, and deliberate murder, the Nevada Supreme Court undermines the

2

Sixth Amendment and the plain language of *Neder*, the case on which it primarily relies before us.  527 U.S. at 17.

We need not speculate prejudice.  Free of the instant error, the first jury hung with substantially the same evidence.  *Brecht v. Abrahamson*, 507 U.S. 619 (1993). The Nevada Supreme Court contravened federal law, propounded by the *United States* Supreme Court, beyond the reasonable disagreement of fairminded jurists. *Brown v. Davenport*, 212 L. Ed. 2d 463 (Apr. 21, 2022); *Davis*, 576 U.S. at 269–70.

I dissent.